### Rocco MASSE

v.

### PENNSYLVANIA TURNPIKE COMMISSION and Richard Germroth.

### Civ. A. No. 23428.

United States District Court
E. D. Pennsylvania.
July 14, 1958.

George W. Alexander, Jr., Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for Pennsylvania Turnpike Commission.

KRAFT, District Judge.

Asserting diversity of citizenship as the basis for this court's jurisdiction, the plaintiff, a guest in a motor vehicle operated by defendant, Germroth, sued his host and the Pennsylvania Turnpike Commission (Commission) to recover for *personal injuries* resulting

from a collision between the defendants' vehicles. Before the court is the Commission's motion to dismiss.

The two main reasons advanced by the Commission are, *first*, that it is immune from suit under the Eleventh Amendment to the Constitution because it contends that it is an instrumentality of the Commonwealth of Pennsylvania and, *second*, that, under Pennsylvania law, it is immune from the liability sought to be imposed by this plaintiff.

**Whether**, as a creature of the state, the Commission is, in effect, a state within the meaning of the Eleventh Amendment and, therefore, immune from suit in a diversity action is a question of *federal, not state*, law. This question has heretofore been decided adversely to the Commission in a number of cases.[1] Without repetition of the reasons assigned in those cases, we reach the same conclusion and hold that this court's jurisdiction is not precluded by the Eleventh Amendment.

**Whether** the Commission, as a creature of the state, is immune from the type of tort liability asserted in this diversity action is, however, a question of *state, not federal* law. After careful analysis we reach the conclusion that Ewalt v. Pennsylvania Turnpike Commission, 1955, 382 Pa. 529, 115 A.2d 729, supplies the rule of decision that, except as otherwise expressly provided by statute, the Commission is immune from liability for negligent acts of its employees. In Ewalt, the Pennsylvania Supreme Court, conceding the general immunity from such liability which the Commission sought to impute to itself, held that the plaintiffs had a right of action against the Commission for alleged damage to and destruction of plaintiffs' *property*,

because Section 6(k) of the Western Pennsylvania Turnpike Extension Act of 1941, 36 P.S.Pa. § 654 et seq., *expressly* imposed such liability. Of its decision in Ewalt, the Supreme Court later said, in Valley Forge Gardens v. James D. Morrissey, Inc., 1956, 385 Pa. 477, 485, 123 A.2d 888, 892:

"We held (in Ewalt) that the Commission was liable for the proven consequential damages because the Western Pennsylvania Turnpike Extension Act of 1941, P.L. 101, 36 P.S. § 654 et seq., under which that section of the turnpike was constructed, expressly charged the Commission with the payment of compensation for property damaged or destroyed by the construction, operation and maintenance of the turnpike."

The injuries suffered by the present plaintiff occurred on the Philadelphia extension of the turnpike between Middlesex and Philadelphia. The construction, operation and maintenance of that turnpike was authorized by the Pennsylvania Turnpike Philadelphia Extension Act,[2] Section 6(k) of which is identical with Section 6(k) of the Western Pennsylvania Turnpike Extension Act of 1941 which was construed by the Supreme Court in Ewalt. The language of Section 6(k) cannot reasonably be construed expressly to charge the Commission with payment of compensation for *personal injuries* resulting from the construction, operation and maintenance of the turnpike. Absent such an express imposition of liability upon the Commission, its general immunity from liability for torts resulting from negligence of its employees, as conceded by the Supreme Court in Ewalt, must prevail.

1. Linger v. Pennsylvania Turnpike Commission, D.C.W.D.Pa.1958, 158 F.Supp. 900; Eastern Motor Express, Inc., v. Espenshade, D.C.E.D.Pa.1956, 138 F.Supp. 426; Lowes v. Pennsylvania Turnpike Commission, D.C.M.D.Pa.1954, 125 F. Supp. 681; Darby v. De Felice & Son, Inc., D.C.E.D.Pa.1950, 94 F.Supp. 535;

Hunkin-Conkey Const. Co. v. Pennsylvania Turnpike Commission, D.C.M.D.Pa. 1940, 34 F.Supp. 26. See Pennsylvania Turnpike Commission v. Welsh, 3 Cir., 1951, 188 F.2d 447.

2. 1940, Extra Sess., May 16, (1941) 949; 36 P.S. § 653 et seq.

■ If Ewalt is not regarded as sufficiently definitive to supply a rule of decision, consideration must then be given to the effect, upon a federal court exercising diversity jurisdiction, of pertinent decisions of county courts. While county court decisions are not usually controlling, nevertheless, if a number sufficient to indicate a consensus exists, the federal district court is obliged to follow that consensus.[3] Even in the absence of a consensus, statements in a single lower state court opinion may be considered as indicative of what the state law may be and, if the state law does supply a rule of decision, it is the duty of a federal district court to ascertain and apply that law, though it has not been announced by the highest state court.[4]

Though the Commission has existed and operated for twenty years,[5] no reported decision of any county court has yet held the Commission liable for personal injuries resulting from the negligent act of a Commission employee. In House v. Commission and in Frye v. Commission,[6] the Common Pleas Court of Dauphin County held that the Commission was a "quasi-public corporation and, as such, * * * an instrumentality of the Commonwealth engaged in the performance of a particular governmental function" and that the Commission was, therefore, not liable for the torts of its employees under the doctrine of respondeat superior.[7] The same court, in Iron City Spring Co. v. Teer,[8] again held that the Commission was an instrumentality of the Commonwealth, and as such, could not be summoned as garnishee in a foreign attachment under Pennsylvania law. Later, in Malpica v. Pennsylvania Turnpike Commission,[9] that court, in an action for the recovery of damages for injuries to a wife-passenger, held that the Commission was an instrumentality of the Commonwealth engaged in the performance of a governmental function and was immune from the liability sought to be imposed.

■ While it might be true that the decisions of the court of a single county do not ordinarily constitute a consensus, it is important, in the ascertainment of the existence of a consensus, to note that the Pennsylvania Turnpike Philadelphia Extension Act, which provided for the construction, operation and maintenance of the turnpike from Middlesex, Cumberland County, to Philadelphia, provided in Section 6(c) [10] that *"any and all actions at law or in equity against the commission shall be brought only in the proper courts at the county of Dauphin"*. That provision, absent from the original Act of 1937, was, after its enactment in 1941, repeated in each of the nine subsequent Turnpike Extension Acts.[11]

3. Eckman v. Baker, 3 Cir., 1955, 224 F.2d 954, 956.

4. Brown v. Moore, 3 Cir., 1957, 247 F.2d 711, 721.

5. Act of May 21, 1937, P.L. 774; 36 P.S. § 652a.

6. 1942, 53 Dauph.Co., Pa., 38.

7. The opinion does not disclose whether these suits sought recovery for damages to property or for injuries to persons.

8. 1942, 53 Dauph.Co., Pa., 118.

9. 1953, 65 Dauph.Co., Pa., 302.

10. 1940, Extra Sess., May 16 (1941) P.L. 949; 36 P.S. § 653e(c).

11. 1940, Extra Sess., May 16, P.L. 949, § 6(c), 36 P.S. § 653e(c); Act of June 11, 1941, P.L. 101, § 6(c), 36 P.S. § 654e (c); Act of May 15, 1956, P.L. (1955) 1589, § 6(3), 36 P.S. § 652.6(3) (Supp. 1957); Act of May 23, 1951, P.L. 335, § 6(c), 36 P.S. § 658.6(c) (Supp.1957); Act of Sept. 27, 1951, P.L. 1430, § 6(c), 36 P.S. § 660 6(c) (Supp.1957); Act of June 10, 1955, P.L. 157, § 6(c), 36 P.S. § 666.6(c) (Supp.1957); Act of January 14, 1951 (1952), P.L.1947, § 6(c), 36 P.S. § 667.6(c) (Supp.1957); Act of July 28, 1953, P.L. 706, § 6(c), 36 P.S. § 668.6(c) (Supp.1957); Act of June 14, 1955, P.L. 174, § 6(c), 36 P.S. § 669.6 (c) (Supp.1957).

In ascertaining whether a consensus exists the significance of this statutory provision is that, while decisions of the court of one county may not generally constitute a consensus, a different situation prevails where, by state law, suits against the Commission must be brought only in the courts of that county. This statutory mandate, in effect since 1941, accounts for the paucity of decisions of other county courts within the Commonwealth. It is reasonable to conclude that where venue has by state statute been vested exclusively in the courts of a single county, a number of decisions of the courts of that county, consistently holding the Commission to be immune from liability of the kind here sought to be imposed, may fairly be regarded as a consensus or, at least, as indicative of the state rule of decision.

In Caputo v. Pennsylvania Turnpike Commission,[12] the County Court of Allegheny County held that the Commission was an instrumentality of the Commonwealth engaged in a solely governmental function and, as such, was not liable to a plaintiff for damage to his automobile resulting from the Commission's negligent installation of a ground static wire in the roadway at a turnpike gate.

Preliminary objections filed by the Commission were sustained by Common Pleas Court No. 6 of Philadelphia County in DiRenzo v. Transamerican Freight Lines, Inc.[13] The preliminary objections asserted that the Commission was a governmental instrumentality of the Commonwealth and immune from liability and from suit unless suit and liability were expressly authorized and that a suit for damages arising from a collision with a vehicle belonging to the Commission was not so authorized by the 1940 Extension Act.[14]

Brenner v. Pennsylvania Turnpike Commission,[15] cited by the plaintiff, is valueless as an authority. In that case the Common Pleas Court of Cumberland County held that the Commission, unlike the Commonwealth, was liable for interest on a condemnation award because the Commission was not the Commonwealth nor an integral part of it. In a contrary decision the Common Pleas Court of Dauphin County modified an award of arbitrators by disallowance of interest on the award. On appeal from the latter ruling, the Pennsylvania Supreme Court, in Pennsylvania Turnpike Commission v. Smith,[16] affirmed the court below, stating "The Act of 1937 creating the Turnpike Commission does not indicate any intention on the part of the legislature to require the Commonwealth to pay interest under the circumstances of this case. If the legislature so intended, it would have clearly expressed it in the statute."

The plaintiff relies heavily upon Eastern Motor Express v. Espenshade, D. C. 1956, 138 F.Supp. 426, 429, 430, and urges that this precise question was there squarely decided by my learned brother, Judge Lord. In that case this court, relying on Ewalt, supra, and despite House, Frye, Malpica and Caputo, supra, held that the Commission was not immune from liability for *property damage* to the plaintiff's tractor-trailer occasioned by negligence of the Commission's employee. We agree with the *result*

12. 1955, 103 Pitts.L.J., Pa., 486.

13. 1957, 10 Pa.Dist. & Co.R.2d 723.

14. In Caputo it was held unnecessary to pass upon the Commission's preliminary objection challenging venue because its objection pleading immunity was sustained.

In DiRenzo the Commission was not a party to the original action but was sought to be added as an additional defendant. It was unnecessary to pass upon the Commission's venue challenge, since the court sustained its preliminary objection founded upon immunity.

15. 1942, 45 Pa.Dist. & Co.R. 124.

16. 1944, 350 Pa. 355, 362, 39 A.2d 139, 143.

reached by Judge Lord in Espenshade because that case involved liability for *damage to property* alone. Section 6(k) explicitly imposes liability upon the Commission for *property damage* and makes no distinction between real and personal property. Because Section 6 (k) does not *expressly* impose liability upon the Commission for *injuries to persons,* we reject the plaintiff's contention that Espenshade decided the precise question in this case. The plaintiff urges that the rationale of Judge Lord's opinion indicates that he recognized no such distinction. The facts before him, under Ewalt, required him to make no distinction. He was not confronted with plaintiff's assertion of liability for personal injury and did not decide that question.

■ Subsequent to the submission of briefs and oral argument in this case, the United States District Court for the Western District of Pennsylvania has held, in Linger v. Commission, 1958, 158 F.Supp. 900, that the Commission is not immune from liability for personal injuries resulting from negligence of Commission employees. Despite Ewalt and Valley Forge Gardens, supra, that case finds no rule of decision in the state law and apparently ignores the explicit language of Section 6(k) of the Turnpike Extension Acts. It concludes that the decisions of the lower Pennsylvania courts do not constitute a consensus of legal thought but, in so doing, gives no adequate significance to the decisions of the Dauphin County court, though, for eighteen years under nine Turnpike Extension Acts, the court of Dauphin County alone has had venue in suits against the Commission. For the reasons heretofore stated we reach an opposite conclusion. We hold that, under Pennsylvania law, the Commission is immune from the liability here sought to be imposed for the plaintiff's personal injuries.

### Order

Now, the motion of Pennsylvania Turnpike Commission is granted and the action against it is dismissed.