## Harrell v. Porter

Before Soffel, Brown and Lewis, JJ.

*Allen N. Brunwasser*, for plaintiff.

*George P. Slesinger, Mercer & Buckley, William H. Sutton, Herman S. Harvey, Jr.*, and *Thorp, Reed & Armstrong*, for defendants.

SOFFEL, J., December 26, 1958.—This case is before the court on preliminary objections filed in behalf of the Pennsylvania Turnpike Commission, defendant.

On August 15, 1958, Essleen Davenport, now deceased, was a passenger in an automobile owned and

operated by defendant Porter proceeding westwardly on the Pennsylvania Turnpike in the vicinity of the Butler Valley Interchange. At approximately 9 a.m., defendant Porter, due to alleged negligent operation of his vehicle, caused his vehicle to overturn, resulting in severe injuries to decedent. She was placed in an ambulance owned by defendant turnpike commission and while the ambulance was enroute to a hospital, it was involved in a collision with an automobile owned and operated by defendant Krotenak. Mrs. Davenport was dead upon arrival at Allegheny General Hospital in Pittsburgh, allegedly having been killed by the second collision or by a combination of both accidents.

Plaintiff has initiated this suit in the Court of Common Pleas of Allegheny County against the Pennsylvania Turnpike Commission and other named defendants. In her complaint, plaintiff avers a cause of action for the wrongful death of decedent and avers a cause of action, in the nature of a survival action, for the personal injuries causing the death of said decedent. Both causes of action are predicated on the same factual circumstances which occurred on or about August 15, 1958. Plaintiff's averments as to the place of the alleged negligent acts clearly establish that the locus in quo was on or about that portion of the Pennsylvania Turnpike which is subject to the provisions of the Western Pennsylvaina Turnpike Extension Act of June 11, 1941, P. L. 101, 36 PS §654a.

Plaintiff, as administratrix of decedent's estate, filed suit in trespass in this court against the driver of the car in which decedent was originally a passenger, against the driver of the car which collided with the turnpike commission ambulance and against the turnpike commission.

The turnpike commission filed preliminary objections in the nature of a demurrer raising questions of venue and immunity from tort liability.

The questions involved may be thus stated:

(1) If the turnpike commission is involved in an automobile accident in Allegheny County, may it be sued as a party defendant in said county?

(2) Is the turnpike commission as a defendant in a trespass action immune from tort liability?

We shall consider first the question of venue.

The Western Pennsylvania Turnpike Extension Act of June 11, 1941, P. L. 101, 36 PS 654e(c), provides, inter alia:

". . . That any and all actions at law or in equity against the commission shall be brought only in the proper courts at the county of Dauphin."

This provision was not included in the original Turnpike Act of May 21, 1937, P. L. 774, but was incorporated in each of the nine subsequent turnpike extension acts. See Masse v. Pennsylvania Turnpike Commission, 163 F. Supp. 510, 512 (1958).

In interpreting identical language in the Pennsylvania Turnpike Philadelphia Extension Act of May 16, 1940, P. L. (1941) 949, 36 PS §653e(c), Common Pleas Court No. 6 of Philadelphia County in the case of DiRenzo v. Transamerican Freight Lines, Inc., 10 D. & C. 2d 723, 724 (1957), stated:

"This language is so clear and obviously mandatory that there can be little doubt of its meaning. Any and all actions must be brought in Dauphin County. . . . there are certain actions allowed under the law to be brought against the commission. . . . and these with pleadings and impleadings, have Dauphin County as their exclusive venue."

The court in that case sustained preliminary objections to the joinder of the commission as an additional defendant.

In Petition of Becker, 4 D. & C. 2d 294 (1955), identical language appearing in the Pennsylvania Turnpike Delaware River Extension Act of May 23,

1951, P. L. 335, 36 PS §658.6(c), was similarly construed. The Common Pleas Court of Bucks County emphasized that, page 302:

". . . the conduct of a State-wide enterprise of the magnitude of the Pennsylvania Turnpike ought not to be hampered by the enforced absence of possible key records or personnel while involved in protracted judicial proceedings in localities distant from its base of operations. . . ."

The pertinent language of the Western Pennsylvania Turnpike Extension Act and the cited decisions interpreting identical language are the bases upon which this defendant contends that plaintiff has chosen an improper venue and that this court is without jurisdiction.

We are of the opinion that the Pennsylvania Turnpike Commission must be sued in Dauphin County.

We come now to the question of whether the commission is immune from liability in tort.

Plaintiff seeks in this action to impose liability upon the turnpike commission for alleged tortuous acts inflicted upon decedent. Defendant contends that it is an agency of the Commonwealth engaged solely in the performance of governmental functions and as such is not liable for the torts of its agents or employes under the doctrine of respondeat superior.

Not a single decision arising in the Pennsylvania courts has imposed such liability on the commission in its 20 years of operation. Three decisions hold that the commission enjoys immunity from tort liability for personal injuries. In House v. Pennsylvania Turnpike Commission, 45 D. & C. 677 (1942), the Common Pleas Court of Dauphin County stated the rule of no liability and the rationale in support thereof in the following language, page 682:

"The Turnpike Commission is an agency of the Commonwealth for a limited and special purpose with no

funds under its control but the revenues from the turn-
pike which are specifically pledged for the payment of
the turnpike bonds issued to pay the costs of construc-
tion. . . . *There is nothing in the statute which au-
thorizes the diversion of any portion of such funds for
the payment of damages due to negligence of its agents
or employes.*

"The Turnpike Commission, having but one func-
tion to perform, does not come within the rule making
a distinction between governmental functions and
business or corporate functions of a municipality. . . .
The only authority given to the Turnpike Commission
under the statute is the construction, maintenance,
and operation of the turnpike, which is a governmental
function. . . . It follows that there can be no liability
unless it be expressly imposed . . . the provision of the
statute that the commission may sue and be sued is
not sufficient for that purpose."

The House decision was deemed controlling in Mal-
pica v. Pennsylvania Turnpike Commission, 65 Dauph.
302 (1953), and Caputo v. Pennsylvania Turnpike
Commission, 103 Pitts. L. J. 486 (1955), both of which
involved trespass actions for personal injuries. Also,
the preliminary objections sustained by the court in
DiRenzo v. Transamerican Freight Lines, Inc., supra,
asserted that the commission was a governmental in-
strumentality of the Commonwealth and immune from
liability and suit unless suit and liability were ex-
pressly authorized.

No appellate court in Pennsylvania has ruled on the
issue of whether or not the commission is immune from
liability and from suit in actions where personal tort
liability is charged against it. Nevertheless, the Penn-
sylvania Supreme Court has provided a rule of law
which is a clear and definite guidepost for the lower
courts to follow in all actions brought against the com-
mission.

Ewalt v. Pennsylvania Turnpike Commission, 382 Pa. 529, 115 A. 2d 729 (1955), was the case which gave birth to this rule of law. There, plaintiffs filed a bill in equity for consequential damages to their realty. The commission filed preliminary objections on the ground that it was immune from liability because it was engaged in a governmental function. The lower court agreed. On appeal, the Supreme Court made this significant observation, pages 534, 535:

"On the basis of the foregoing, the appellee contends that the Commonwealth's immunity from liability for damages due to injuries such as are pleaded by the plaintiffs also attends the Commission since Section 4 of the Turnpike Act of May 21, 1937, P. L. 774, 36 PS §652 (d), constitutes the Commission an instrumentality of the Commonwealth and Section 5 of the Western Pennsylvania Turnpike Extension Act of 1941, supra, declares that the Commission's exercise of the powers conferred by that Act in the construction, operation and maintenance of the turnpike shall be deemed and held to be an essential governmental function of the Commonwealth. The immunity which the appellee thus imputes to itself may be conceded."

Despite the general immunity thus conceded to the commission, the Supreme Court held that the injury sued upon was of a type expressly provided for in the following provision, section 6 (k) of the Western Pennsylvania Turnpike Extension Act, supra, 36 PS §654e:

"All public or private property damaged or destroyed in carrying out the powers granted by this act shall be restored or repaired and placed in their original condition as nearly as practicable or adequate compensation made therefor out of funds provided under the authority of this act."

Upon the express authorization of liability for damages to property, the Supreme Court reversed the decree below. And later, in Valley Forge Gardens, Inc.,

v. James D. Morrissey, Inc., 385 Pa. 477, 123 A. 2d 888 (1956), the court had occasion to reiterate what its holding in Ewalt was, page 485:

"We held that the Commission was liable for the proven consequential damages because the Western Pennsylvania Turnpike Extension Act of 1941, . . . expressly charged the Commission with the payment of compensation for property damaged or destroyed."

The Ewalt decision established the rule that, except as otherwise expressly provided by statute, the commission is immune from liability for negligent acts of its employes. This rule of law is controlling in the instant case.

Nor can plaintiff circumvent said rule by any attempt to read into section 6(k) of the Western Pennsylvania Turnpike Extension Act an express authorization to charge the commission with payment of compensation for personal injuries. That provision, controlling in Ewalt, is inapposite to the situation involved here. It makes express provision for damages to property and that is the full and final extent of its authorization.

The issue of whether the Pennsylvania Turnpike Commission enjoys immunity from tort liability for personal injuries recently has been before both the Federal District Court for the Western District of Pennsylvania (Linger v. Pennsylvania Turnpike Commission, 158 F. Supp. 900 (1958)) and for the Eastern District of Pennsylvania (Masse v. Pennsylvania Turnpike Commission, 163 F. Supp. 510 (1958)). The Masse case held that the commission was immune from tort liability; Linger was squarely contra. But the dispute in the two Federal districts is academic because, as the court properly held in the Masse case, page 511, the issue is purely "a question of state, not federal, law." Since the rule in the State courts is clearly to the effect that the commission is immune,

this court will sustain defendant's demurrer and enter judgment in favor of the turnpike commission.