**N. M. PATERSON & SONS, LIMITED,**
a corporation, Libelant,

v.

**CITY OF CHICAGO, a Municipal corpo-
ration, Respondent.**

No. 58 C 1860.

United States District Court
N. D. Illinois, E. D.

March 4, 1959.

Stuart B. Bradley, of Bradley, Pipin, Vetter & Eaton, Chicago, Ill., for libelant.

Robert G. Mackey, Asst. Corp. Counsel, Chicago, Ill., for respondent.

SULLIVAN, District Judge.

This is a libel in Admiralty by a Canadian corporation against the City of Chicago seeking to recover damages to plaintiff's ship allegedly caused by defendant's negligent operation of a drawbridge which crosses the Chicago River.

Defendant has moved to dismiss the libel. It first urges in support of the motion that the suit against the City must be considered one against the State of Illinois, and that this court is accordingly without jurisdiction under the Eleventh Amendment to the Constitution of the United States. That Amendment reads:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State".

It is true, as defendant points out, that the state itself need not be

named directly to bring the Eleventh Amendment into operation, and that immunity may be granted a state agency which is actually no more than an arm of the state itself. Oklahoma Real Estate Commission v. National Business & Property Exchange, 10 Cir., 1955, 229 F.2d 205. However, the mere fact that an entity may properly be described as an "agency of the state" or that it does the work of the state does not qualify it for immunity (Keifer & Keifer v. Reconstruction Finance Corp., 1939, 306 U.S. 381, 388, 59 S.Ct. 516, 83 L.Ed. 784). This was made clear in early opinions holding that municipal corporations do not so qualify. Camden Interstate R. Co. v. City of Catlettsburgh, C.C.E.D.Ky. 1904, 129 F. 421; Wheeler v. City of Chicago, C.C.N.D.Ill.1895, 68 F. 526. Thus the Camden opinion remarked:

> "That such a corporation is an (agent. of the state government) is undoubtedly true, but it does not follow therefrom that a suit against it or its officers is such a suit. The most that can be said is that it is a suit against a subdivision of one of said states, not that it is a suit against one of said states itself". 129 F. at page 423.

■■ Dictum in modern cases supports this rule (O'Neill v. Early, 4 Cir., 1953, 208 F.2d 286, 288. Thomas v. Broadlands Community Consolidated School Dist. No. 201, 1953, 348 Ill.App. 567, 109 N.E.2d 636.) It is further fortified by the tests developed to determine which "state agencies" inherit the state's immunity. Thus, it is said that there is no immunity if "full relief can be obtained from the named defendants without requiring the State to take any action" (Board of Supervisors of Louisiana State University and Agr. and Mechanical College v. Ludley, 5 Cir., 1958, 252 F.2d 372, 376). Another criterion frequently applied is that the state's immunity operates only when the state itself rather than the entity named as defendant will have to respond to a judgment (Petty v. Tennessee-Missouri Bridge Commission, D.C.E.D.Mo.1957,

153 F.Supp. 512, 513; Kennecott Copper Corp. v. State Tax Commission, 1946, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862; State Highway Commission of Wyoming v. Utah Construction Co., 1929, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262). A truly independent agency does not acquire the state's Eleventh Amendment immunity from suit (cf. Linger v. Pennsylvania Turnpike Commission, D.C.W.D.Pa.1958, 158 F.Supp. 900 and Masse v. Pennsylvania Turnpike Commission, D.C.E.D.Pa. 1958, 163 F.Supp. 510).

■ In applying these tests, it is not necessary to review the nature and powers of the City of Chicago as a municipal corporation (see Rev. Cities and Villages Act, Ch. 24, Ill.Rev.Stat.1957, Sec. 1–1 et seq.). It is enough to note that it is a completely separate entity from the State of Illinois with power to levy and collect taxes, borrow money, hire its own employees and in general to conduct its own affairs. It is, in short, sufficiently insulated from the State so that the latter will not be directly affected by a judgment here. Under the tests described above, there is no reason to extend to the City of Chicago the immunity granted states by the Eleventh Amendment.

■ Defendant also contends in support of its motion to dismiss that the operation of the bridge here involved was a governmental function and the City is accordingly immune from liability for resulting injuries. This question presents the " 'non-governmental'—'governmental' quagmire that has long plagued the law of municipal corporations". Indian Towing Co. v. United States, 1955, 350 U.S. 61, 65, 76 S.Ct. 122, 124, 100 L.Ed. 48. Without attempting to analyze the myriad cases on the subject, it can be said with assurance that in Illinois the operation of this bridge was a corporate as distinguished from a governmental function, and the City may be liable for negligence in its performance. Indian Towing Co., supra; Johnston v. City of East Moline, 1950, 405 Ill. 460, 91 N.E.2d 401; Roumbos v. City of Chicago, 1928, 332 Ill. 70, 163 N.E. 361, 60 A.L.R. 87; Cathman v.

City of Chicago, 1908, 236 Ill. 9, 86 N.E. 152, 19 L.R.A.,N.S., 1178.

For the reasons given above, the defendant's motion to dismiss the libel is denied.