**S. K. SCOTT, one of the subscribers to the Insurance in the Certificate No. PMP #311, Appellant,**

**v.**

**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, Appellee.**

**No. 20664.**

United States Court of Appeals Fifth Circuit.

Aug. 31, 1964.

Ralph L. Kaskell, Jr., New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., Frederick R. Bott, New Orleans, La., of counsel, for S. K. Scott, third-party plaintiff-appellant.

John I. Moore and Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., F. W. Middleton, Jr., Baton Rouge, La., of counsel, for Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, third-party defendant-appellee.

Before BROWN, MOORE* and GEWIN, Circuit Judges.

MOORE, Circuit Judge.

█ This is an appeal by defendant third-party plaintiff (appellant), one of the subscribers to a certain certificate of insurance, No. PMP #311, from an order dismissing the third-party complaint as to the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (University). The district court has directed the entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, see Travelers Ins. Co. v. Busy Elec. Co., 294 F.2d 139 (5th Cir. 1961); 6 Moore, Federal Practice ¶ 54.36 (2d ed. 1953), and the order is thus appealable.

In the initial complaint in this action, Dr. and Mrs. Vitenas asserted a cause of action in negligence against their family physician, Hotel Dieu (a hospital), Hotel Dieu's pathologist, and their respective insurance carriers. The complaint alleged that, while Mrs. Vitenas was a patient at Hotel Dieu, she was given a transfusion of the wrong type blood which caused a cessation of the normal kidney functions as well as other damage. She was subsequently moved from Hotel Dieu to Charity Hospital where she was treated at the experimental "kidney station" there maintained by the University. Some three weeks after arriving at Charity, a doctor, who was simultaneously acting as Mrs. Vitenas' principal treating physician, as a resident internist at Charity and as a salaried member of the University's "kidney station" staff, administered an antibiotic drug which, appellant alleges, was the cause of the injuries of which Mrs. Vitenas complains.

The third-party complaint of the insurer of the pathologist at the Hotel Dieu sought judgment over against the University, Charity Hospital, the doctor and his insurers for any sums for which appellant as defendant might be adjudged to be liable and in the alternative that there be judgment over against said third-party defendants, adjudging them liable, *in solido*, along with appellant for any sums adjudged against appellant in favor of plaintiffs.

The district court, on the basis of the pleadings, Dr. Vitenas' deposition, memoranda of law and oral argument, granted the University's "motion to dismiss and motion for summary judgment" on the ground that a tort action cannot be brought against the University without specific authority from the Louisiana Legislature.

██ It has long been the law that a state is constitutionally immune from actions brought in federal courts by its own citizens or by citizens of other states. U.S.Const. Amend. XI; see Hans v. Louisiana, 134 U.S. 1, 16, 17, 10 S.Ct. 504, 33 L.Ed. 842 (1889). "But the immunity may of course be waived; the State's freedom from suit without its consent does not protect it from a suit to which it has consented." Parden v. Terminal Ry., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 1207 (1964); see Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 53–54, 67 S.Ct. 873, 88 L.Ed. 1121 (1944). A waiver is not lightly inferred, however, and consent to suit in state courts does not constitute consent to be sued in a federal court. See Petty v. Tennessee-Missouri Bridge Comm'n, 359 U.S. 275, 276, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959); Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 465, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

██ Louisiana rigidly adheres to the principle of governmental immunity and, as a general proposition, has not consented to be sued. It has, moreover, specifically extended immunity to some of its "special agencies" of which the Board of Supervisors of the University

---

* Of the Second Circuit, sitting by designation.

is one. La.Const. Art. XIX, § 26, L.S.A.;[1] see Board of Supervisors v. Ludley, 252 F.2d 372 (5th Cir.), cert. denied, 358 U.S. 819, 79 S.Ct. 31, 3 L.Ed.2d 61 (1958). Nonetheless, there are two rather broad exceptions to this general cloak of immunity. One exception encompasses suit by dint of special legislative enactment, La.Const. Art. III, § 35, but there has been no such enactment here.[2] Appellant contends that the third-party claim falls within the other exception which permits actions for the enforcement, or for breach, of contracts entered into by a "special agency" of the State. Both the initial complaint and the third-party petition are couched in terms of negligence. Furthermore, in Louisiana, it is now settled law that actions for medical malpractice sound in tort. Kozan v. Comstock, 270 F.2d 839 (5th Cir., 1959); Phelps v. Donaldson, 142 So.2d 585 (LaApp.3d 1962), aff'd, 243 La. 1118, 150 So.2d 35.

Failing to come within any of the legislative exceptions to immunity, appellant seeks to establish a waiver by suggesting that governmental immunity does not attach where the cause of action arises out of a proprietary rather than a governmental function. Assuming that this doctrine will overcome the bar of the Eleventh Amendment, appellant argues that whether or not the University, through its doctor agent, was engaged in a governmental activity is a factual question and, therefore, summary judgment was improvidently granted. However, even if we assume, without deciding, that the governmental-proprietary exception will do service where the state is a defendant in a federal court, appellant has not met the burden of showing that Louisiana courts, if faced with a similar problem, would hold that the State was subject to suit.[3] Above all else, it is clear that a waiver of the Eleventh Amendment's immunity "will

1. We are not confronted with the problem of whether this is properly a suit against the state. See J. Ray McDermott & Co. v. Department of Highways, 267 F.2d 317 (5th Cir. 1959), cert. denied, 361 U.S. 914, 80 S.Ct. 259, 4 L.Ed.2d 184; cf. McCoy v. Louisiana State Board of Education, 332 F.2d 915, 5th Cir. 1964; Orleans Parish School Bd. v. Bush, 242 F.2d 156 (5th Cir.), cert. denied, 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957); Louisiana Land & Exploration Co. v. State Mineral Board, 229 F.2d 5 (5th Cir.), cert. denied, 351 U.S. 965, 76 S.Ct. 1029, 100 L.Ed. 1485 (1956); N. M. Paterson & Sons v. City of Chicago, 176 F.Supp. 323 (N.D.Ill.1959), rev'd on other grounds, 324 F.2d 254 (7th Cir. 1963). After listing the various agencies, Article XIX § 26 goes on to provide: "The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution."

2. The judicial and constitutional history of this provision is traced in Fullilove v. United States Cas. Co., 129 So.2d 816 (La. App.2d 1961). See generally McMahon & Miller, The Crain Myth—A Criticism of the Duree and Stephens Cases, 20 La. L.Rev. 449 (1960). It appears that section 35 of Article III of the Constitution is the usual avenue of recovery against the State in tort. However, that section stipulates that "No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State Court."

3. The doctrine has been applied traditionally only to municipal corporations and to less than state political subdivisions. See Prunty v. City of Shreveport, 223 La. 475, 66 So.2d 3 (1953); Taulli v. Gregory, 223 La. 195, 65 So.2d 312 (1953); Fuller & Casner, Municipal Tort Liability in Action, 54 Harv.L.Rev. 437, 441–42 (1941); Leflar & Kantrowitz, Tort Liability of the States, 29 N.Y.U.L.

not be lightly inferred." See Petty v. Tennessee-Missouri Bridge Comm'n, supra, 359 U.S. at 276, 79 S.Ct. at 785. Appellant has fallen well short of the mark.

Our affirmance of the district court's order determines only that the district court is not the proper forum for this third-party complaint. It is without prejudice to appellant's right to pursue any remedies he may have in the Louisiana state courts.

Affirmed.

Rev. 1363, 1366 (1954). But see Annot., 40 A.L.R.2d 927 (1955). It is far from clear that the doctrine could be successfully invoked in a Louisiana court where the suit is in tort and the State is the defendant. See Cobb v. Louisiana Bd. of Institutions, 229 La. 1, 85 So.2d 10 (1956); Stephens v. Natchitoches Parish School Bd., 238 La. 388, 115 So. 2d 793, 796 (1959); Walmsley v. Pan American Petroleum Corp., 144 So.2d 627, 629 (La.App.4th 1962), modified, 244 La. 513, 153 So.2d 375 (1963); Terrebonne Parish School Bd. v. St. Mary Parish School Bd., 131 So.2d 266, 270–271 (La.App., 1st), aff"d on other grounds, 242 La. 667, 138 So.2d 104 (1961), cert. denied, 370 U.S. 916, 82 S. Ct. 1554, 8 L.Ed.2d 497 (1962); Orgeron v. Louisiana Power & Light Co., 19 La. App. 628, 140 So. 282 (La.App.1932). But see Duree v. Maryland Cas. Co., 238 La. 166, 114 So.2d 594, 595–596 (1959); Musmeci v. American Automobile Ins. Co., 146 So.2d 496, 499 (La.App.4th 1962).