**FORT WORTH NAT. BANK v. STATE.**

No. 9129.

Court of Civil Appeals of Texas.  Austin.

Feb. 4, 1942.

Rehearing Denied Feb. 18, 1942.

886

Culbertson, Morgan, Christopher & Bailey, of Fort Worth, for appellant.

Gerald C. Mann, Atty. Gen., and Ross Carlton, Richard H. Cocke, Geo. W. Barcus, and Ocie Speer, Asst. Attys. Gen., for appellee.

BAUGH, Justice.

In 1928 the Tibbitts Construction Company was awarded and performed a contract with the State Highway Commission for the construction of a section of State Highway No. One in Hudspeth County. The Commission withheld, upon final estimates, the sum of $1,050.77, as expenses incurred by the State in watering a portion of the detour alongside the construction job. Claim for this amount was assigned by the contractor to appellant bank, which brought this suit under legislative permission duly granted. The case was tried to a jury, but at the close of plaintiff's evidence the court instructed a verdict for the State,

and rendered judgment accordingly, from which this appeal is prosecuted.

The only question presented is whether the State had authority to make such deduction. The contract made was on the usual standard form used by the Commission, with some special provisions added, and to which was attached as a part thereof the detailed plans and specifications. The regular printed provision as to maintenance by the contractor of detours was replaced by the following written provision: "The designation and maintenance of detours and temporary structures necessary for public travel, will be at the charge of the contractor and no allowance will be made therefor."

There were no plans nor specifications as to where and how such detours were to be maintained; but from the above quoted provision it is clear that as a part of the contract, the contractor bound himself to maintain at his own expense such detours as were "necessary for public travel." This undertaking was consequently as much a part of the contract as any other provision. And though the supervision by the Highway Engineer was primarily of the construction job and to assure the performance of that according to the detailed plans and specifications, by the express terms of the contract it was provided that, "The work shall be done under the direct supervision of the Engineer and to his satisfaction." He was also to decide all questions as to the quality or acceptability of the "work performed and as to the manner of performance and rate of progress of the work * * *," and "all questions as to the acceptable fulfillment of the contract on the part of the Contractors." He was also made by express terms of the contract referee on all questions "arising under the terms of this contract" and it was agreed that his decisions "in such cases shall be final and binding on both alike."

While the contract set no standard of maintenance of such detours, and contained no specifications in that regard, the undertaking of the contractor to maintain detours necessary to public travel necessarily implies, we think, that the contractor maintain same in such manner as to reasonably meet the normal needs of the traveling public under the circumstances. That is, that such detours be kept reasonably safe and passable for use by the public. That

being a reasonable standard of maintenance implied by the contract, though not defined, whether it was met by the contractor was a question for the determination of the Engineer. And unless he be guilty of fraud, bad faith, or such arbitrary conduct or gross mistake as to amount to bad faith, his decision in this regard, as on other undertakings of the contractor, is binding and conclusive. See City of San Antonio v. McKenzie Const. Co., 136 Tex. 315, 150 S. W.2d 989, 996; Kutzschbach v. Williamson County, Tex.Civ.App., 118 S.W.2d 930. While there was evidence from which the jury could have found that the contractor had substantially complied with his undertaking and had maintained such detour in a reasonably safe and passable condition; he foreclosed the determination of that fact question in his agreement that it be left conclusively to the decision of the Engineer.

█ It is equally clear, however, that the Highway Commission, or the State, is equally bound with the contractor by the terms of the contract; and that the Engineer's decisions on acts done by the State in clear violation of the express terms of its own contract do not come within the purview of matters delegated to him for decision under the terms of the contract. In the instant case the contract also provided in paragraph 8.10 that: "If the contractor fails to begin the work under the contract within the time specified, * * * or shall perform the work unsuitably, or shall neglect or refuse to remove materials or perform anew such work as shall be rejected as defective or unsuitable, or shall discontinue the prosecution of the work, * * * or for any other cause whatsoever shall not carry on the work in an acceptable manner, the Engineer shall give notice in writing to the Contractor and his surety, of such delay, neglect or default, specifying the same, and if the Contractor within a period of 10 days after such notice shall not proceed in accordance therewith, then the party of the first part (the Highway Commission) shall upon written certificate of the Engineer of the fact of such delay, neglect or default and the Contractor's failure to comply with such notice, have full power and authority, without violating the contract, to take the prosecution of the work out of the hands of the Contractor, * * * and may enter into an agreement for the completion of said contract according to the terms and provisions thereof, or use such other methods as in his opinion shall be required for the completion of said contract in an acceptable manner."

██ The foregoing is manifestly a reasonable and material provision of the contract. While it was intended primarily to apply to the road construction work, for which the contractor was to be paid, since the contract bound the contractor to maintain detours during such road construction for which he was not to be paid by the State; and under the terms of the contract, the State Engineer was given power of control and supervision over such maintenance also, there exists all the more reason why the contractor should, as to that work also, have the benefit and protection of the 10-day notice provision, before the Highway Commission could step in, take over the work, charge the costs thereof to the contractor, and deduct such expenses from the portion of the job, acceptably done, for which the State was bound to pay him.

In its answer the State expressly pleads that the detour maintenance was a part of the work covered by the contract; that it was subject to supervision and control of the Engineer and that his decisions with reference thereto were conclusive. That is, that such maintenance constituted work done under the contract. But nowhere does it plead that the 10-day written notice expressly required by the contract to be given as a condition precedent to taking over and performing the detour maintenance by the State was ever given by anyone either to the contractor or to his surety. Nor was there any evidence that such written notice was ever given. On the contrary, the field superintendent for the contractor, who testified, stated that no such notice was given, nor was any request ever made of him by the Engineer to water this detour.

█ Clearly, we think, in the instant case, the contractor should have been given every opportunity to minimize his expense in meeting the Engineer's requirements as to detour maintenance, especially in view of the fact that he was not to be reimbursed by the State for any of it.

█ The State is as much bound by the terms of its contracts as are individuals; and has no right to recover, or in the instant case refuse to pay, moneys expended under its contracts, when it has itself violated the very provisions of the contract which it expressly agrees to perform as a condition precedent to its right to withhold the mon-

888

eys otherwise due the contractor. See Ferguson v. Johnson, Tex.Civ.App., 57 S.W.2d 372; 38 Tex.Jur. § 33, p. 853.

 Since the State did not offer any evidence and it does not conclusively appear whether such 10-day notice was given to the contractor or not, the judgment of the trial court must be reversed and the cause remanded for another trial.

Reversed and remanded.