**J. RAY McDERMOTT & CO., Inc.,**
Appellant,

v.

**DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA, Appellee.**

No. 17668.

United States Court of Appeals
Fifth Circuit.

June 3, 1959.

Rehearing Denied July 20, 1959.

J. Y. Gilmore, Jr., Francis Emmett, Faris, Leake & Emmett, New Orleans, La., for J. Ray McDermott & Co., Inc.

George W. Lester, W. Crosby Pegues, Jr., D. Ross Banister, Philip K. Jones, Baton Rouge, La., for Department of Highways, State of Louisiana.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is in very narrow compass. It presents a single question, whether the Department of Highways of the State of Louisiana, which is a department of the state, can be made to stand in judgment in a tort action in admiralty arising out of the collision of libellant's barges with Bourg Bridge, located at the intersection of the old Intracoastal Water Way and Bayou Terrebonne Parish, Louisiana.

The matter comes up in this way. The Department of Highways moving to dismiss on the ground of its non-suability as a department of the State of Louisiana, in a tort action, the district judge entered an order [1] granting the motion and dismissing the suit.

Appellant is here relying on Workman v. Mayor, etc. of City of New York, 179 U.S. 552, 21 S.Ct. 212, 45 L.Ed. 314, and insisting that in a suit in admiralty, as this one is, the claimed immunity from suit in tort may not be asserted.

Appellee, in its turn, citing, as settling the law to the contrary of this contention, other cases and Petty v. Tenn.-Mo. Bridge Comm., 8 Cir., 254 F.2d 857, reversed (three judges dissenting) in Petty v. Tenn.-Mo. Bridge Comm., 358 U.S. 811, 79 S.Ct. 53, 3 L.Ed.2d 55 (4–20–59) not in principle but on the sole ground that the Act of Congress approving the interstate compact had made provision for the suit there brought, urges upon us that the judgment must be affirmed.

This court in a case involving a collision with a bridge in Broward County, Florida,[2] has settled it for this circuit, as the Supreme Court in Ex parte, State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057, has for the country as a whole, that "the immunity of a state from a suit in personam in the admiralty brought by a private person without its consent is clear." On the authority of these cases and others of similar purport, the judgment is affirmed.

---

1. "This cause came on at a former date, to be heard on the motion of the defendant, Department of Highways, State of Louisiana, to dismiss the complaint herein, and was argued by counsel for the respective parties and submitted, when the Court took time to consider.

"Now, on due consideration thereof;

"It Is Ordered by the Court that the motion of defendant, Department of Highways, State of Louisiana, to dismiss the complaint herein, be, and the same is hereby, Granted.

"Authorities.

"The Department of Highways may not be sued *in tort* without the consent of the State of Louisiana. Westwego Canal & Terminal Co. v. La. Highway Com., [200 La. 990] 9 So.2d 389; Kilberg v. La. Highway Com. 8 La.App. 441; Orgeron v. La. Power & Light Co. [19 La.App. 628], 140 So. 282."

2. Broward County, Florida v. Wickman, 5 Cir., 195 F.2d 614.