**Baldemar TORRES et al., Appellants,**

v.

**ARANSAS COUNTY NAVIGATION DISTRICT NO. 1 et al., Appellees.**

**No. 13757.**

Court of Civil Appeals of Texas.

San Antonio.

May 31, 1961.

McDonald, Spann, DeAnda & Edwards, Corpus Christi, for appellants.

Clark & Bonner, Rockport, Luther E. Jones, Jr., Corpus Christi, for appellees.

POPE, Justice.

The trial court dismissed plaintiffs' action against Aransas County Navigation District No. 1, its present commissioners, and three of its former commissioners, sued as individuals. Plaintiffs claimed damages for the negligent drowning of their minor children while bathing at a beach in Rockport, Texas, on May 25, 1958. We shall first examine the judgment of dismissal with respect to the navigation district and its

904

commissioners, and then the dismissal with repect to the former commissioners as individuals.

■ We have only the pleadings before us. Plaintiffs' brief petition named the parties, plaintiff and defendant, and then alleged that three named children "were drowned at or near a bathing beach fronting the City of Rockport, Texas, and that the deaths of the * * * children were caused by the joint and several negligence of each of the named defendants, and that said defendants, jointly and severally, were guilty of acts of negligence, both of omission and commission, which separately and collectively were proximate causes of the deaths of the children" and the damages. That is the entire pleading about the negligence and proximate cause. All defendants answered by a motion to dismiss, special exceptions, denials, and certain affirmative pleadings. The court, without hearing evidence, and upon the strength of the facts alleged in the pleadings, sustained defendants' motion to dismiss. The correct name of the defensive motion is the subject of comment in the briefs, but by whatever name it may be called, it is not a blind thrust which attacks the pleading as a general demurrer. It states that plaintiffs' petition affirmatively shows that the tort action can not lie against a governmental agency. This is a correct rule of law and the court properly sustained it. Bennett v. Brown County Water Improvement Dist. No. 1, 153 Tex. 599, 272 S.W.2d 498; Smith v. Harris County-Houston Ship Channel Navigation District, Tex.Civ.App., 330 S.W.2d 672; Bexar Metropolitan Water District v. Kuntscher, Tex.Civ.App., 274 S.W.2d 121; Karling v. Lower Colorado River Authority, Tex.Civ.App., 303 S.W.2d 495.

While plaintiffs can not assert a negligence action against the navigation district and its commissioners, because it is a governmental agency, it does not follow that they can not assert a negligence action against individuals. Plaintiffs named three persons and alleged that they negligently caused the deaths of plaintiffs' children. The pleadings are general, and would be subject to special exceptions for lack of specific allegations, but that is not what is presented to this Court. The trial court held that there was no cause of action alleged, nor could one be alleged against the individual defendants, and the reason recited in the court's order is that the defendants "were at all times complained of by Plaintiffs, acting within the scope of their official duties as such commissioners * * *." The court has, therefore, while considering the pleadings, decided a fact which would defeat plaintiffs in their action. The record affords no basis for the finding of fact.

■ The hearing on the pleadings was conducted on July 7, 1960, and the order was signed July 20. Notice of appeal was given the same day and cash, in lieu of a cost bond, was deposited on August 5. The appeal was perfected. After the appeal was perfected, two depositions were filed in the record of the District Court. The depositions were taken after the hearing before the trial court, but they have been transmitted to this Court in support of the trial court's finding. There was no evidence heard at the hearing, and we must view the record as it was made when the court heard the case. Guerra v. McClellan, Tex.Civ.App., 243 S.W.2d 715. On the record before this Court, plaintiffs alleged general acts of negligence against three individuals, and the court erred in considering facts not disclosed by the record. With respect to the individuals, in the state of the record, there was a cause of action alleged.

The judgment is affirmed insofar as it dismissed the action against the navigation district; it is reversed and the cause remanded insofar as it dismissed the action against Thomas D. Picton, Norvel Jackson and R. R. Owens.