James C. JONES, Appellant,

v.

TEXAS GULF SULPHUR CO. et al., Appellees.

No. 14681.

Court of Civil Appeals of Texas.

Houston.

Dec. 16, 1965.

Rehearing Denied Jan. 6, 1966.

----•----

John H. Holloway, Houston, for appellant.

Vinson, Elkins, Weems & Searls, and Judson R. Wood, Houston, for appellees.

WERLEIN, Justice.

Appellant, James C. Jones, brought suit against Texas Gulf Sulphur Company, H. L. Zigler, Inc., Harris County-Houston Ship Channel Navigation District, hereinafter referred to as Navigation District or District, and the following individually named defendants: Howard Tellepsen, W. N. Blanton, J. G. Turney, J. P. Hamblen, William M. Hatten, Vernon Whiteside, J. P. Turner, Vernon Bailey and J. L. Lockett, Jr., to recover damages for personal injuries sustained by appellant, resulting from the alleged negligence of said defendants or the negligence of others for whom it was alleged said defendants were responsible. The Navigation District and all the individually named defendants filed an unsworn pleading claiming sovereign immunity from tort liability. Appellant by supplemental petition pleaded waiver and estoppel as to said appellees' governmental immunity upon the basis of a liability insurance policy which had been taken out by the Navigation District. The District and said individuals timely made their joint motion for severance of appellant's cause of action against them from his cause of action against the Gulf Company and Zig-ler, and for summary judgment as to them, which motion was sustained.

Appellant asserts that the trial court erred in granting the summary judgment based upon governmental immunity since such immunity was allegedly waived and appellees were estopped to assert it to the extent of the limits of a comprehensive general liability policy which had been taken out by the Navigation District under the provisions of Article 8247a, Secs. 12 and 17, Vernon's Annotated Texas Statutes. Section 12 of such Article is as follows:

"The Board of Navigation and Canal Commissioners is authorized to enter into an agreement or agreements with the purchaser or purchasers of any obligations issued hereunder under the terms of which such Board shall agree to keep all of the improvements and facilities, the revenues of which are pledged to the payment of such obligations, insured with insurers of good standing against loss or damage by fire, water or flood, and also from any other hazards customarily insured against by private companies operating similar properties, and to carry with insurers of good standing such insurance covering the use and occupancy of such property as is customarily carried by such private companies. The cost of such insurance shall be budgeted as maintenance and operation expense and such insurance shall be carried for the benefit of the holders of such obligations."

Appellant in his brief also relies upon the last sentence of Section 17 of said Article, which provides: "This Act being necessary for and intended to secure the safety, convenience and welfare of the citizens of navigation districts in the State of Texas, shall be liberally construed to effectuate the purposes hereof."

Appellant also cites Article 8263e, Sec. 75, V.A.T.S., which reads as follows:

'All navigation districts established under this Act may, by and through the navigation and canal commissioners, sue and be sued in all courts of this State in the

name of such navigation district, and all courts of this State shall take judicial notice of the establishment of all districts."

■ The law is well settled in this State that navigation districts such as the Navigation District in the present case, are not classed with municipal corporations, but are political subdivisions established by law. They are not liable in actions sounding in tort. Smith v. Harris County-Houston Ship Channel Navigation Dist., Tex. Civ.App.1957, 330 S.W.2d 672, and authorities there cited. We are of the opinion that the procuring by the District of a policy of comprehensive general liability insurance under the provisions of Article 8247a, Secs. 12 and 17, V.A.T.S., did not operate to remove the immunity of the District and its commissioners from tort liability in toto or to the extent of the limits of such policy. Furthermore, Article 8263e, Sec. 75, V.A.T.S., merely provides that a navigation district and its commissioners may sue and be sued in the courts of this State. It does not in any way militate against their governmental immunity.

■ It seems clear that Article 8247a, Sec. 12, V.A.T.S., does not deprive the Navigation District of its governmental immunity in cases such as the present case sounding in tort. Such Article authorizes the District to enter into an agreement with the purchasers of its obligations and to keep the improvements and facilities pledged to the payment thereof, insured against loss by fire, water, flood, and other hazards insured against by private companies operating similar properties, *"for the benefit of the holders of such obligations."* (emphasis supplied) It does not purport to create a new liability on the part of the district nor to deprive it of its governmental immunity. It merely authorizes the procuring of insurance against a liability recognizable by law. Had the State Legislature desired to subject navigation districts to tort liability it could and should have done so. in language of clear and unmistakable import. See Texas Prison Board v. Cabeen, Tex.

Civ.App., 159 S.W.2d 523, writ ref., and authorities there cited.

■ It is equally clear that the District did not waive its governmental immunity nor was it estopped to claim the same by reason of having taken out a liability insurance policy. It is well settled that waiver and estoppel presuppose the existence of legally enforceable rights which, but for the existence of intervening rights and defenses, would permit recovery. Waiver and estoppel are defensive in nature and operate to prevent the loss of existing rights. They do not operate to create liability where it does not otherwise exist. Washington National Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854; Massachusetts Bonding & Ins. Co. v. Dallas Steam Laundry & Dye Works, Tex.Civ. App., 85 S.W.2d 937, writ ref.; Southland Life Ins. Co. v. Vela, 1949, 147 Tex. 478, 217 S.W.2d 660; 31 C.J.S. Estoppel § 63, p. 397; 22 Tex.Jur.2d, Estoppel, Sec. 2, p. 661. While there may be some cases in other jurisdictions which hold that recovery may be had in a tort action within the limits of a comprehensive liability insurance policy taken out by a defendant claiming governmental immunity, the decisions in this State and in the majority of the states of the Union hold to the contrary. See McGrath Building Co. v. City of Bettendorf, 248 Iowa 1386, 85 N.W.2d 616, and annotations thereunder in 68 A.L.R.2d, p. 1437, at page 1438, where it is said:

"The law on the annotated question may be summarized briefly. In a majority of jurisdictions it is held that the procurement of liability or indemnity insurance by a governmental unit has no effect upon its immunity from tort liability. In support of this view it has been said that the mere fact that a governmental unit is authorized to procure insurance does not warrant the conclusion that its immunity has been removed; that a governmental unit lacks power to waive its immunity or estop itself by procuring insurance; and that liability or indemnity insurance which is procured

by a governmental unit entitled to immunity from tort liability is insurance only against torts which do not come within the scope of the immunity—for example, torts committed by the unit while acting in its proprietary, as contrasted with its governmental, character."

In this State a navigation district can only function in a governmental capacity. In other words, it has no proprietary functions. See State v. Brannan, Tex.Civ.App., 111 S.W.2d 347, writ ref., in which the court said:

"All authority possessed by a state is that conferred on it as a sovereignty by the people and consequently it can act in no other capacity than that of a sovereignty. It is inherently and exclusively sovereign and must necessarily act as such at all times and in all capacities. As a sovereignty, it is immune from liability for torts and since it can act in no other capacity than that of a sovereignty, it is necessarily immune from liability for torts at all times and in all its capacities."

See also Bennett v. Brown County Water Imp. Dist. No. 1, 1954, 153 Tex. 599, 272 S.W.2d 498, in which the contention was made by the petitioners that the district was acting in a proprietary and not a governmental capacity. Our Supreme Court said: "We think this matter has been foreclosed by previous decision of this Court, both by this Court's opinion, and by our 'refusal' of application for writ of error (since 1927) in two cases from the Courts of Civil Appeals." See also Willacy County Water Control & Imp. Dist. No. 1 v. Abendroth, 142 Tex. 320, 177 S.W.2d 936; Jones v. Jefferson County Drainage Dist. No. 6, Tex.Civ.App., 139 S.W.2d 861, writ ref.; Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139.

It is our view that if the rule of governmental immunity is to be changed or modified in Texas where public liability insurance has been procured by a governmental unit, such change or modification should be made by appropriate state legislation and not by an intermediate appellate court.

Appellant contends that the court erred in granting the Navigation District commissioners a summary judgment since they were also sued in their individual capacities. It is true, of course, that the immunity of the District will extend to and include the commissioners and officers of the District when acting in their official capacity for the District. Torres v. Aransas County Navigation Dist. No. 1, Tex.Civ. App., 346 S.W.2d 903. While appellant could not successfully maintain his action sounding in tort against the Navigation District and its commissioners because of governmental immunity, he could, however, assert and prosecute a negligence action, as he did, against named persons in their individual capacities. Appellant's pleading named nine certain persons as defendants, and alleged that they were sued "individually, and jointly and severally, for Plaintiff's damages," and that defendants Blackmon and Colquitt "Then employed by each of said Defendants as longshoremen * * * were then and there employed as the agents, servants or employees of each and all of said named Defendants, and were working at said time in the furtherance of the business interests of each of said Defendants, separately, alternatively and concurrently." Appellant also alleged that said defendants ratified the acts of said Blackmon and Colquitt by "acceptance of the benefits" of their acts.

Appellees filed no exception to appellant's petition and filed no affidavit. They did file an unsworn amended answer in which they pled governmental immunity as a sovereign agency of the state and body politic. The motion for summary judgment filed by the Navigation District and the individually named defendants contains a jurat, but the same is fatally defective in that it fails to show the name of the deponent, if there was one, and, of course, fails to show that any one had personal

knowledge of the facts stated in such motion. There is no allegation in appellant's pleading that the named individual defendants were in fact commissioners or that they were acting as commissioners. There is nothing before us showing that they were acting within the scope of their official duties as commissioners and officers of the Navigation District. On the record before this Court, appellant alleged acts of negligence on the part of the individually named defendants, and a cause of action against them as individuals.

It is probably true, as stated by appellees in their brief, that the individuals named in appellant's petition as defendants had no legal authority to hire or employ Blackmon and Colquitt to work as longshoremen on City Dock No. 3. We cannot assume, however, that because of such lack of authority, they did not do so. Even though they had no authority or duty to act for the District in their individual capacities, it was possible for them to employ said longshoremen to work for them as individuals. Appellant's pleading alleges that they did act as individuals through their employees, and appellees have not denied such fact by sworn pleading or affidavit. The burden of proof was on appellees as movants to establish that said named defendants were not acting as individuals but in their official capacity for the District. All doubts as to the existence of a genuine issue of material fact must be resolved against the movant, and the pleadings, depositions and affidavits must all be reviewed in the light most favorable to the party opposing the motion for summary judgment. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., Tex.Sup.1965, 391 S.W.2d 41; Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W.2d 929; Mecom v. Thompson, Tex. Civ.App., 239 S.W.2d 847, writ ref., n. r. e.

The judgment of the trial court is affirmed insofar as it grants a summary judgment in favor of the Navigation District, but is reversed and the cause is remanded insofar as it grants a summary judgment in favor of the individually named defendants.

Affirmed in part and in part reversed and remanded.