**Georgeios FYLIPOY, Libellant,**

v.

**GULF STEVEDORE CORPORATION and Harris County Houston Ship Channel Navigation District, Respondents.**

**Nereus Shipping, Intervenor.**

**A.D. No. 64–H–189.**

United States District Court
S. D. Texas,
Houston Division.

Feb. 14, 1966.

David Yancy White, Corpus Christi, Tex., and William B. Dazey, Houston, Tex., for libellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for respondent Gulf Stevedore Corporation.

Baker, Botts, Shepherd & Coates, Houston, Tex., for respondent Harris County Houston Ship Channel Navigation Dist.

Royston, Rayzor & Cook, Houston, Tex., for intervenor Nereus Shipping.

MEMORANDUM

INGRAHAM, District Judge.

This is an admiralty action brought by a Greek seaman, Georgeios Fylipoy, against Gulf Stevedore Corporation and the Harris County Houston Ship Channel Navigation District for personal injuries sustained when a magnet was dropped from a crane into an open gondola with such force that it caused a scrap of iron to fly 30 feet away and strike libellant, who was standing on board the SS Uranus. Gulf Stevedore, which was engaged in cargo operations aboard the Uranus, had leased the crane from the Navigation District, and responsibility for the use of the crane is in sharp dispute. Libellant alleges that the accident was caused through the negligence of one or both of the respondents.

Nereus Shipping, the shipowner and libellant's employer, has intervened pursuant to Admiralty Rule 12 of this court, seeking indemnity against Gulf Stevedore for compensation paid by the shipowner to libellant as a consequence of his injuries.

The case is before the court on motion of the Navigation District to dismiss the action against it on the grounds of governmental immunity, and on motion of Nereus Shipping for leave to file a Rule 12 petition for indemnity against the Navigation District on the ground that the Navigation District owed petitioner a contractual duty to furnish a "reasonably prudent crane operator and a crane reasonably fit for its intended purpose for the cargo operations aboard the SS URANUS on the occasion in question."

For the reasons stated below, the motion of the Navigation District to dismiss will be granted. The motion of Nereus Shipping for leave to file a Rule 12 petition against the Navigation District is accordingly moot.

In support of its motion to dismiss, respondent argues that under the Texas decisions, the Navigation District is a political subdivision of the state, and as such is absolutely immune from tort lia-

bility. Furthermore, respondent argues, by virtue of the Eleventh Amendment to the U. S. Constitution, the Navigation District cannot be subjected to suit without its consent, and it has not given such consent here.

Libellant opposes the motion to dismiss on several grounds: (1) The status of the Navigation District is akin to that of a municipality, and therefore it can be sued for alleged torts committed in the exercise of its proprietary functions. (2) The non-liability rule put forth by respondent does not apply in admiralty cases. (3) The Navigation District is not immune from suit because the statute by which it was created expressly waives any immunity which might have existed.

■ Respondent argues first that the motion to dismiss should be granted because, as a political subdivision of the state, it is absolutely immune from tort liability. The Texas decisions support this position. Smith v. Harris County-Houston Ship Channel Navigation District, 330 S.W.2d 672 (Civ.App.Tex. 1959). Cf. Bennett v. Brown County Water Improvement District No. 1, 153 Tex. 599, 272 S.W.2d 498 (1954). Libellant's argument that the Navigation District is similar to a municipality and consequently that it is liable for torts committed in the exercise of its proprietary functions can be rejected:

"It seems to be settled that navigation districts * * * created under the constitutional provisions and statutory enactments in pursuance thereof are not classed with municipal corporations, but are political subdivisions of the State, performing governmental functions, and stand upon the same footing as counties, precincts, and other political subdivisions established by law, and are not liable in actions sounding in tort." (Citing numerous cases). Smith v. Harris County-Houston Ship Channel Navigation District, supra, 330 S.W.2d at 674.

■ Libellant's contention that the non-liability rule does not apply in ad-

miralty cases can also be rejected. The cases of Ex parte State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921), Petty, Adm'x, v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959), and J. Ray McDermott & Co. v. Department of Highways, State of Louisiana, 267 F. 2d 317 (5 C.A., 1959), holds specifically that suits in admiralty are subject to the immunity-from-suit rule. The McDermott case does not separate the question of immunity from suit from that of liability in tort, and consequently the case is persuasive authority for the proposition that the fact that a case sounds in admiralty does not take it out of the non-liability rule.

The holding that the Navigation District is not liable in tort as a matter of law would seem to make decision of the question of governmental immunity from suit unnecessary, since libellant has sued the Navigation District in tort. However, the intervenor here, Nereus Shipping, has asked the court for leave to file a petition asserting a contractual liability on the part of the Navigation District, and consequently the issue of immunity from suit must be faced.

Libellant agrees that, absent waiver, the Navigation District would be immune from suit. However, libellant argues forcefully that the Navigation District has waived its immunity and consented to be sued in the very statute by which it was created.

The pertinent statutory provision, Vernon's Annotated Texas Civil Statutes Art. 8263e, Sec. 75, provides that "All navigation districts established under this Act may, by and through the navigation and canal commissioners, sue and be sued in all courts of this State in the name of such navigation district * * *"

The case of Petty, Adm'x, v. Tennessee-Missouri Bridge Commission, supra, is dispositive of the issue of waiver here. In Petty, the governmental body involved had been created by a compact between two states. The Court, interpreting the compact as it had been approved by Congress, held that the two states had in

fact waived immunity. The opinion points out that the interpretation of a compact between states is governed by federal law, whereas the question of whether or not a governmental entity created by state statute has consented to suit is a question of state law.

The specific question here is whether the statutory phrase, "may * * * sue and be sued in all courts of this State," authorizes the institution of an admiralty action in federal court against the Navigation District. The Texas cases and the Petty case, supra, make it clear that the answer must be no.

The Texas cases hold that consent to suit must be strictly construed. Buchanan v. State, 89 S.W.2d 239 (Civ.App. Tex.1935) (writ refused); State v. El Paso Natural Gas Co., 300 S.W.2d 170 (Civ.App.Tex.1957). Petty enlightens us further:

"The conclusion that there has been a waiver of immunity will not be lightly inferred. Murray v. Wilson Distilling Co., 213 U.S. 151, 171 [29 S.Ct. 458, 464, 53 L.Ed. 742]. *Nor will a waiver of immunity from suit in state courts do service for a waiver of immunity where the litigation is brought in the federal court.* Chandler v. Dix, 194 U.S. 590, 591–592 [24 S.Ct. 766, 767, 48 L.Ed. 1129]. *And where a public instrumentality is created with the right 'to sue and be sued' that waiver of immunity in the particular setting may be restricted to suits or proceedings of a special character in the state, not the federal, courts.* Cf. Delaware River Joint Toll Bridge Comm'n v. Colburn, 310 U.S. 419 [60 S.Ct. 1039, 84 L.Ed. 1287]. Suits against agencies of a State based on maritime torts are no exception to these rules. Ex parte State of New York, 256 U.S. 490 [41 S.Ct. 588, 65 L.Ed. 1057.]." (Emphasis added.) Petty, Adm'x, v. Tennessee-Missouri Bridge Commission, supra, 359 U.S. at 276–277, 79 S.Ct. at 787.

In light of the foregoing, it is the opinion of the court that the statutory phrase, "may * * * sue and be sued in all courts *of this State,"* (emphasis added), does not constitute a waiver of immunity from suit in federal court.

Libellant in his reply brief alleges that respondent Navigation District has previously initiated actions in federal courts in this state. He argues that respondent should not be allowed now to insist that it is immune from suit in federal court, and spells out what are designated as "moral responsibilities of the State" in this connection. As pointed out above, the Texas decisions make it clear that consent to suit is to be strictly construed, and consent to suit in one situation is not equivalent to consent in a similar situation. State v. Lindley, 133 S.W.2d 802 (Civ.App.Tex.1939) (consent to suit on one theory is not equivalent to consent to suit under another theory); State v. Isbell, 94 S.W.2d 423 (Com.App.Tex.1936) (consent to suit may be withdrawn after suit is instituted). Cf. Texas Oyster Growers Association v. Odom, 385 S.W.2d 899 (Civ.App. Tex.1965). The argument as to the inequities of allowing a state entity to sue without imposing a corresponding liability to suit is more properly addressed to the legislature than to this court.

Libellant relies heavily in all his arguments on the opinion in In re Nueces County, Texas, Road District No. 4, 174 F.Supp. 846 (S.D.Tex.1959). That opinion must be reconsidered in the light of the subsequent Fifth Circuit case of McDermott v. Department of Highways, State of Louisiana, supra. To the extent that the Nueces County case conflicts with the opinion announced herein today, that case is disapproved.

The motion of the Navigation District to dismiss will be granted. The motion of Nereus Shipping for leave to file a petition against the Navigation District is moot.

The clerk will notify counsel to draft and submit appropriate dismissal order.