**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**BROWNSVILLE NAVIGATION DISTRICT, Appellee.**

No. 504.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 30, 1969.

Rehearing Denied Oct. 23, 1969.

Hardy & Sharpe, Eduardo R. Rodriguez, Brownsville, for appellant.

Kleberg, Mobley, Lockett & Weil, Leslie Lockett, Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

This appeal involves the question whether the trial court properly ordered appellant's Third Party Action against appellee dismissed on the ground of GOVERNMENTAL IMMUNITY FROM SUIT.

Appellant Missouri Pacific Railroad Company, hereafter some time called Railroad, was sued, along with another defendant (not a party to this appeal). Plaintiffs (also not parties to the appeal) sought to recover damages for the death of an employee of Railroad claimed to have been knocked from a moving box car by a crane which was too near the railroad track for adequate clearance for a man riding as was deceased. Railroad with leave of the court filed a third party action against appellee Brownsville Navigation District, hereafter sometimes called District, in which it alleged a written track agreement between Railroad and District which provided that District "would not permit to be constructed, placed, or erected, over, under, or adjacent to any of the tracks on the lands of the District, any structure, object, or obstruction which would violate any statute, law, or regulation then in effect with respect to the subjects of clearances or safety margins in the vicinity of railroad tracks." Railroad further alleged that contrary to such agreement, District "placed or permitted the placement of a mobile dragline" near the track in violation of Article 6559b, Texas Civil Statutes, and that one of Railroad's employees was fatally injured "caused solely by the dragline being placed too near the tracks in violation of the statute referred to * *." Making reference to plaintiff's suit, Railroad prayed that if it be held liable in damages, it should have indemnity from District for breach of said contractual agreement.

The Navigation District, on the basis of *governmental immunity from suit,* challenged the jurisdiction of the court as to said District, and moved to abate and dismiss the action against it. This motion was sustained, the claim as to the Navigation District was severed from the other claims in the suit under Rules 41 and 174 (b), Texas Rules of Civil Procedure

(since only the defendant Railroad claimed against District), and judgment was rendered dismissing the severed cause against appellee District. Appeal is from such judgment.

Appellant's first point of error complained of the trial court not giving appellant the opportunity of proving that there was a valid and enforceable contract between Railroad and District. Railroad's petition against District expressly plead that District was "a governmental entity." The material portions of the contract relied on by Railroad were plead by it. The record establishes that this was a hearing on the strength of the facts alleged in the pleadings, and that the court assumed the truth of all factual allegations. See Torres v. Aransas County Navigation District No. 1, syl. (1), Tex.Civ.App., 346 S.W.2d 903, n. w. h. Railroad could not have offered proof of any facts except to sustain its allegations, and since the truth of these were assumed by the court, the lack of any evidence (and no such evidence was offered by Railroad) was not prejudicial to appellant. The judgment states that at the hearing on District's motion, both parties presented arguments and authorities which were taken under advisement, and that the ruling was made after the court had considered same. It is well established that a navigation district such as appellee is a governmental agency, and as such is entitled to the same rules of immunity from being sued in the courts without its consent as is any other agency of the State. Art. 8263e, Sec. 90; Torres v. Aransas County Navigation District No. 1, supra; Torres v. Owens, Tex.Civ.App., 380 S.W.2d 30, wr. ref. n. r. e.; Jones v. Texas Gulf

Sulphur Co., Tex.Civ.App., 397 S.W.2d 304, wr. ref. n. r. e.[1] Appellant's first point is overruled.

Appellant in its second and third points states that (2nd) it is not necessary to get consent from a governmental unit to institute a suit against it based on breach of a valid and enforceable contract, and (3rd) that the mere act of appellee in entering into a valid and enforceable contract amounted to the giving of consent to suit. Appellee answers that the doctrine of immunity from suit applies to actions on a contract, and the making of the contract did not amount to consent to suit.

Cases cited by appellant on its claim that the doctrine of governmental immunity from being sued without its consent does not apply to suits based on contract are State v. Elliott, Tex.Civ.App., 212 S.W. 695, n. w. h., and Fort Worth Nat. Bank v. State, Tex.Civ.App., 158 S.W.2d 885, wr. ref. w. m. Both of these cases involved litigation against the State based, in part at least, on contractual relations, and in both, as expressly stated in the opinions, the State through the Legislature had passed enabling legislation consenting to the litigation.

Appellant in its brief argues that " * * the Trial Court by dismissing Appellant's cross-action at this time is telling Appellant that it had no valid and enforceable contract, that in reality the only one who is bound by this agreement is the MISSOURI PACIFIC RAILROAD COMPANY. * * *" On this appeal we are concerned with the rule of immunity of a state agency from suit without its consent first being had, and not with any

---

1. We are not passing upon any question of rights under the TORT CLAIMS ACT, Chap. 292, H.B. No. 456, Acts of the 61st Legislature, Regular Session 1969 (Art. 6252–19 V.A.T.S.). The Act expressly provided: "Sec. 14. The provisions of this Act shall not apply to: (1) Any claim based upon an act or omission which occurred prior to the effective date of this Act." Sec. 22 sets the effective date as January 1, 1970. The accident in question, according to Railroad's pleading, occurred December 22, 1967, and the judgment appealed from is dated February 18, 1969.

rule of liability. As stated in 27 Tex. Law Rev. 337:

"In attempting to assert a claim against the state or one of its political subdivisions, a claimant may be obstructed by two rules of governmental immunity. First, there is the rule that the sovereign cannot be sued in its own courts without its consent. (Citing authorities) Although the claim asserted may be one on which the sovereign acknowledges liability, this rule precludes a remedy until the legislature consents to the suit. Second, there is the rule that the state is not liable for the torts of its agents. Even though legislative consent to be sued is given, this rule likewise bars recovery for lack of a cause of action, unless the legislature has further expressly provided for tort liability. * * *"

We quote from State v. Elliott, supra, as follows: (212 S.W. p. 700)

"The fact that the state is not subject to an action in behalf of a citizen does not establish that he has no claim against the state, or that no liability exists from the state to him. It only shows that he cannot enforce against the state his claim, and make it answer in a court of law for its liability. What is made out by this objection is not that there is no liability and no claim, but that there is no remedy. * * *"

In *Elliott,* the State furnished the remedy by giving its consent to be sued.

In State Highway Commission of Texas v. Tengg, Tex.Civ.App., 57 S.W.2d 929, n. w. h., the Court stated: (p. 931)

" * * * The original party would have a just claim against the State for any damages sustained by him *from the breach of the contract,* and although *the claim could not be enforced through an action at law,* the remedy by appeal to the legislature is open to him, * *. This remedy is the only one provided in such a case, and this is known to the party contracting with the State, and the

courts cannot say that it is not certain, reasonable and adequate. * * *" (Emphasis added.)

Some other Texas cases holding that the rule of governmental immunity from suit without consent applies to suits based on contractual rights are: Herring v. Houston National Exchange Bank, 114 Tex. 394, 269 S.W. 1031; W. D. Haden Company v. Dodgen, 158 Tex. 74, 308 S.W.2d 838; English v. Century Indemnity Company, Tex.Civ.App., 342 S.W.2d 366, n. w. h.; Sherman v. Cage, Tex.Civ.App., 279 S.W. 508, 511, n. w. h.; Tide Water Associated Oil Company v. Giles, Tex.Civ. App., 277 S.W.2d 291, wr. ref. n. r. e.; Fylipoy v. Gulf Stevedore Corp., U.S.D. C., So.Dist.Tex., 257 F.Supp. 166. See also 54 Am.Jur. 635, United States § 128; 49 Am.Jur. 301, States, Territories, and Dependencies, § 91; 81 C.J.S. States § 214, p. 1300.

◼ We hold that the rule of governmental immunity from suit without consent, as applied to the facts of this appeal, apply in contract litigation, and overrule appellant's second point.

Likewise, appellant's third point is overruled. There was no allegation in Railroad's pleadings of any consent having been given by District for this suit. As stated in Petty v. Tennessee-Missouri Bridge Commission, U.S.Sup.Ct., 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed. 804:

" * * * The conclusion that there has been a waiver of immunity will not be lightly inferred."

See also Fylipoy v. Gulf Stevedore Corp., supra; 27 Tex.Law Rev. 341. It would appear that if the mere execution of a contract is, as appellant contends, a consent to suit, there could be no immunity in a suit for breach of contract, because the execution of the contract would amount to waiver of immunity.

◼ By its fourth and fifth points, appellant challenges the constitutionality of

the doctrine of governmental immunity from suit, contending that the application of the doctrine to this suit deprives appellant of its property rights without due process of law in violation of the federal and state constitutions, and disregards appellant's rights under the 14th Amendment to the Federal Constitution. The doctrine has been sustained by the Federal Supreme Court and intermediate courts, and by our State Supreme Court and intermediate courts in many cases. These points are overruled.

Judgment affirmed.

SHARPE, J., not participating.