James A. SIVILS, Appellant,

v.

HARRIS COUNTY HOUSTON SHIP CHANNEL NAVIGATION DISTRICT, Appellee.

No. 414.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 2, 1970.

Charles M. Haden, Charles E. Graml & Harry L. Tindall, Brown & Haden, Houston, for appellant.

Sam W. Cruse, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

SAM D. JOHNSON, Justice.

James Sivils, the appellant, brought suit to recover damages for bodily injuries he allegedly sustained on March 15, 1968. His action was based on common law negligence, the Federal Employees Liability Act and other statutes applicable to railroads, and, alternatively, the doctrine of res ipsa loquitur. Sivils' original action was brought against the Port Terminal Railroad Association. By amended petition he brought in as defendants two other entities, the Missouri Pacific Railroad Company and the appellee, Harris County Houston Ship Channel Navigation District.

Appellee Harris County Houston Ship Channel Navigation District filed its Plea in Abatement to be dismissed by reason of governmental immunity which plea was granted by the trial court. Plaintiff objected to the court's ruling dismissing the defendant Navigation District from this cause and the trial court severed the cause of action against defendant Harris County Houston Ship Channel Navigation District which allowed the instant appeal.

In his pleadings the appellant Sivils asserts that on or about March 15, 1968, pursuant to his duties as an employee of the Port Terminal Railroad Association, and/or the Navigation District, he was directed to assist in the lifting and unloading of a hopper car owned by Missouri Pacific Railroad Company. The hopper car was unloaded by means of a lifting crane owned and being operated by the Navigation District. In the unloading process a corner post broke suddenly and unexpectedly causing him to jump for his life. As a result the plaintiff received the physical injuries made the basis of his suit. Appellant contends that the Port Terminal Railroad Association is an association of railroads composed of the Navigation District and six other member railroads. Appellant asserts that a board of control has been established within the Port Terminal Railroad Association to manage and control the railroad terminal system and that the Navigation District has more votes on such board than any other member. Further, that the Navigation District participates in all policy decisions relative to management, operation maintenance or capital improvements of the Port Terminal Railroad Association as well as hiring and firing Port Terminal employees. In addition, that the Navigation District owns the tracks upon which the Port Terminal operates its member trains, that it leases trackage and other fixtures to the member railroads, and that it owns and operates a hydraulic grain car dumper and railroad cranes all being situated on the tracks within the Port Terminal. It is by virtue of these acts and activities, contends the appellant, that the Navigation District conducts substantial operations in interstate commerce and is therefore subject to the Federal Employers Liability Act. 45 U.S.C. Sec. 51, 56.

Appellant's two points of error assert, first, that the Navigation District is a common carrier by rail engaging in interstate commerce and second, that the Navigation District has thereby waived its rights to governmental sovereign immunity and has subjected itself to the Federal Employers Liability Act. Appellant cites: California v. Taylor, 353 U.S. 553, 77 S.Ct. 1037, 1 L.Ed.2d 1034 (1957); Maurice v. State, 43 Cal.App.2d 270, 110 P.2d 706 (1941); Parden v. Terminal Railroad of Alabama State Docks Department, et al., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); United States v. California, 297 U.S. 175, 56 S.Ct.

421, 80 L.Ed. 567 (1936); Wells Fargo & Company v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205 (1920); 45 U.S.C., Sec. 51, 56; 45 U.S.C. Sec. 151.

We note at the outset that appellant's cases directly involve instances where there were state owned and operated railroads. The Navigation District in the present instance, however, was not created by the State as a railroad acting as a common carrier and making direct charges for movement of goods by rail. The appellee was created by the legislature as a Navigation District and not as a railroad. See Articles 8198 through 8263k, T.R.C.S.

In Smith v. Harris County-Houston Ship Chan. Nav. Dist., Tex.Civ.App., 330 S.W. 2d 672, no writ hist., this same Navigation District was a defendant in an action for personal injuries. The plaintiff alleged that he sustained personal injuries while guarding the dock when his foot went through the flooring " * * * of a dock owned and operated by the (Navigation) District and being used by Lykes Brothers, Smith (the plaintiff) being engaged at the time in the performance of his duties in guarding the dock." The Navigation District's Plea in Abatement to be dismissed by virtue of its governmental immunity was granted. In affirming the Court stated, at p. 674:

> "It seems to be settled that navigation districts, irrigation districts and levee improvement districts, created under the constitutional provisions and statutory enactments in pursuance thereof are not classed with municipal corporations, but are political subdivisions of the State, performing governmental functions, and stand upon the same footing as counties, precincts, and other political subdivisions established by law, and are not liable in actions sounding in tort."

In Jones v. Texas Gulf Sulphur Co., Tex. Civ.App., 397 S.W.2d 304, err. ref., n. r. e., another plaintiff brought an action for personal injuries. One of the defendants was this same Navigation District which claimed its sovereign immunity from tort liability. The Navigation District's motion for summary judgment was sustained. The plaintiff there claimed the Navigation District had waived its governmental immunity or was estopped to assert it to the limits of a comprehensive general liability policy which had been taken out by the Navigation District. In affirming, the Court stated (at p. 307):

> "The law is well settled in this State that navigation districts such as the Navigation District in the present case, are not classed with municipal corporations, but are political subdivisions established by law. They are not liable in actions sounding in tort * * * We are of the opinion that the procuring by the District of a policy of comprehensive general liability insurance under the provisions of Article 8247a, Secs. 12 and 17, V.A.T.S., did not operate to remove the immunity of the District and its commissioners from tort liability in toto or to the extent of the limits of such policy. Furthermore, Article 8263e, Sec. 75, V.A. T.S., merely provides that a navigation district and its commissioners may sue and be sued in the courts of this State. It does not in any way militate against their governmental immunity.
>
> \* \* \* \* \* \*
>
> "It is equally clear that the District did not waive its governmental immunity nor was it estopped to claim the same by reason of having taken out a liability insurance policy. It is well settled that waiver and estoppel presuppose the existence of legally enforceable rights which, but for the existence of intervening rights and defenses, would permit recovery. Waiver and estoppel are defensive in nature and operate to prevent the loss of existing rights. They do not operate to create liability where it does not otherwise exist. * * *"

The fact that a navigation district has been recognized as a unit of government of this state with governmental immunity, has been made apparent by the Texas Tort Claims Act, Art. 6252–19. It is therein pro-

vided that the Act shall apply to a state agency or unit of government as a navigation district which before the effective date of the Act, January 1, 1970, enjoyed governmental immunity.

Finally reference is made to McCrea v. Harris County Houston Ship Channel Navigation District, 423 F.2d 605 (5 Cir., 1970), in which writ of certiorari is pending. There the plaintiff was an employee of this same Navigation District. The employee was killed using machinery used by the navigation district to unload grain from railroad cars. The trial court concluded that while the Navigation District was engaged in interstate commerce, it was not a "common carrier by railroad" and dismissed the F.E.L.A. claim. The Court of Appeals affirmed the trial court's dismissal of the F.E.L.A claim and stated, at p. 607:

"The Navigation District is a creature of state law and a political subdivision of the State of Texas operating terminal facilities at the Port of Houston. The direct link between the Navigation District and various rail carriers is a belt railroad operated by the Port Terminal Railroad Association (PTRA). An understanding of PTRA's organization and operation is necessary to a proper evaluation of the Navigation District's activities.

"PTRA, an unincorporated association, was created in 1924 by an agreement between the Navigation District and six railroads which served the Port of Houston. It was formed to provide interchange rail facilities and switching services to the railroads on an impartial basis. Management of PTRA is formally vested in a Board of Control, consisting of five representatives from the Navigation District and one representative each from the eight railroads currently participating in the association. However, on all matters relative to the operation of PTRA, each of the eight railroads may cast one vote while the Navigation District has only two votes. The Board of Control meets less than annually, and the day-to-day operation of the PTRA is controlled by an executive committee composed of representatives of the participating railroads."

At p. 609, the Court stated:

"Further, the relationship between the Navigation District and PTRA is only relevant in determining whether the Navigation District holds itself out as a common carrier and cannot vicariously satisfy the requirement of actual performance of rail service which we have otherwise determined to be lacking.

\* \* \* \* \* \*

"After consideration of the circumstances of the Navigation District's operation \* \* \* we are convinced that the district court was correct in its determination that the Navigation District is not a 'common carrier by railroad.' "

We are of the opinion that the trial court correctly granted the Navigation District's Plea in Abatement. Appellant's points of error are overruled and the judgment of the trial court is affirmed.