**21 PROPERTIES, INC., et al.,**
**Plaintiffs,**

**v.**

**George ROMNEY, Secretary of Housing and Urban Development and Federal Housing Administration, and New York State Teachers Retirement System, Defendants.**

**Civ. A. No. 3–4971.**

United States District Court,
N. D. Texas,
Dallas Division.

May 22, 1973.

Morris I. Jaffe, Dallas, Tex., for plaintiffs.

Henry W. Simon, Sr., Simon & Simon, Fort Worth, Tex., Charles Cabaniss, Asst. U. S. Atty., Dallas, Tex., for defendants.

## OPINION AND ORDER

ROBERT M. HILL, District Judge.

Plaintiffs, 21 Properties, Inc., and Daniel Gevinson, copartners of Turtle Creek Square, Ltd., and Daniel Gevinson, individually, have sued George Romney, Secretary of Housing and Urban Development (HUD) and the Federal Housing Administration (FHA), and the New York State Teachers' Retirement System (Retirement System), defendants. Plaintiffs seek to set aside a foreclosure sale of real property under a deed of trust and thereby establish plaintiffs' title to such property; plaintiffs also seek damages against the defendants.

The Retirement System has moved to dismiss the suit for want of personal jurisdiction claiming that it is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. The Retirement System has also moved to dismiss the suit for lack of jurisdiction under 28 U. S.C. § 1332 claiming that it is the alter ego of the State of New York and as such is not a citizen of that state for purposes of diversity.

If the Retirement System is the alter ego of the state, and thus the state is the real party in interest, it will prevail on both theories of its motion to dismiss for the following reasons. If a state agency is the alter ego of the state, it is immune from suit in the federal courts under the Eleventh Amendment because the state is the real party in interest. Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Also, a suit must be between citizens of different states to invoke the jurisdiction of a federal court under 28 U.S.C. § 1332. As the alter ego of the state, a state agency is not a citizen of the state for federal diversity jurisdiction. Centraal Stikstof Verkoopkantoor, N. V. v. Alabama State Docks Department, 415 F.2d 452 (5th Cir. 1969). For the reasons stated below the court is of the opinion that the motion to dismiss should be granted.

## I. ELEVENTH AMENDMENT IMMUNITY

### A. Prior Judicial Determination

In answer to the motion to dismiss plaintiffs argue that in another suit which involved these same transactions the Fifth Circuit determined that the Retirement System is not immune from suit in federal court under the Eleventh Amendment. 21 Turtle Creek Square, Ltd. v. New York State Teachers' Retirement System, 425 F.2d 1366 (5th Cir. 1970), mod. on reh., 432 F.2d 64 (5th Cir. 1970). This argument cannot be sustained because the Retirement System did not assert immunity from suit in that case and the issue was not determined. The Fifth Circuit decided only that the Retirement System is subject to service of process under the Texas Long Arm Statute, art. 2031b, Vernon's Ann.Tex.Rev.Civ.Stat. The parties have not cited, nor has the court found, any case where the issue of the Retirement System's Eleventh Amendment immunity has been determined.

## B. Waiver of Immunity

Plaintiffs contend that even if this court finds that the Retirement System has the requisites for immunity from suit under the Eleventh Amendment, it is not immune in this case because the immunity has been waived. This contention is based on two grounds. First, plaintiffs assert that the statutory waiver of immunity from suit in the New York Court of Claims prevents an assertion of immunity in federal court under the Eleventh Amendment in any case where the court's jurisdiction is based on diversity of citizenship. Markham v. City of Newport News, 292 F.2d 711 (4th Cir. 1961), is cited as authority for this contention. In *Markham* a city asserted that even though it had waived immunity from suit in state court, it was still immune from suit in federal court. The court held that the Virginia statute which provided that tort actions against cities could be maintained only in the courts of the State of Virginia and not in federal courts was invalid. The court also held that although cities have governmental immunity, when they waive immunity from suit in state court, they also waive immunity from suit in federal court. The court based this holding on the fact that cities are not the alter ego of the state and are not covered by the Eleventh Amendment. On the other hand, a state or a state agency that is considered the alter ego of the state may waive immunity from suit in a state court or in all state courts without affecting its immunity from suit in federal court under the Eleventh Amendment. *Ford, supra.* This court feels that *Markham* is not in point and that plaintiffs' first ground is without merit.

The second ground for the plaintiffs' contention that the Retirement System's immunity has been waived is that it waived this immunity when it became a party to other litigation in federal court. This argument is likewise without merit. Farish v. State Banking Board, 235 U.S. 498, 35 S.Ct. 185, 59 L.Ed. 330 (1915); Fylipoy v. Gulf Stevedore Corp., 257 F. Supp. 166 (S.D.Tex.1966).

## C. The Alter Ego Tests

The courts have used two tests in determining whether a state agency is the alter ego of the state and thus immune from suit in federal court under the Eleventh Amendment. One test is whether the action could in any way affect the treasury of the state. *Ford, supra,* 323 U.S. at 464, 65 S.Ct. 347. This test is used when money damages are sought from the state agency. The other test, which is used when an action is sought to be compelled or enjoined, is whether full relief can be obtained from the named defendant without requiring the state to take any affirmative action. If the state is required to take affirmative action, then the agency is the alter ego of the state. *See,* Aerojet-General Corp. v. Askew, 453 F.2d 819 (5th Cir. 1971). In applying these two tests, the court should look to the powers and characteristics of the agency under the law of the state where the agency exists. C. H. Leavell & Co. v. Board of Commissioners, 424 F.2d 764 (5th Cir. 1970); *Aerojet-General Corp., supra.* In this case that state is New York.

The Retirement System is governed by the Retirement Board which is made up of nine members, of six or whom are state officers and three of whom are elected from the members of the Retirement System. New York Education Law, art. 11, § 504. With a few exceptions membership in the Retirement System is restricted to teachers. *Id.* §§ 501(4), 503(4). The State Insurance Department supervises the operation of the Retirement System, *Id.* § 523, and the head of the Division of the Treasury in the Department of Taxation and Finance is the custodian of all funds. *Id.* § 507(3). Funds held by the Retirement System are primarily composed of contributions of employers, the state, instrumentalities of the state and other political subdivisions. *Id.* §§ 501(3), 521. Most of the contributions of employers are made by

withholding state funds appropriated for the support of schools. *Id.* § 521.

### 1. The Damage Relief Test

The funds held by the Retirement System have been considered public moneys by the courts of New York. Birnbaum v. Teachers' Retirement System, 5 N.Y.2d 1, 8, 176 N.Y.S.2d 984, 152 N.E.2d 241 (1958). Any money judgment rendered against the Retirement System would have to be satisfied out of these public moneys, and the state would be required to increase its contributions to the Retirement System in order to compensate for such judgment. Under these circumstances, the treasury of the State of New York would be directly affected by any money judgment rendered in this proceeding. Therefore, the criteria set forth in *Ford, supra,* for an agency to be deemed the alter ego of a state are clearly met in this case.

■ The New York courts have held that the Retirement System is a state agency immune from suit in state court for money damages except in the New York Court of Claims, where immunity from suit has been waived by statute. Inter-County Development Corp. v. New York State Teachers' Retirement System, N.Y.L.J., March 21, 1968 (N.Y. Sup.Ct.); Glassman v. Glassman, 309 N.Y. 436, 131 N.E.2d 721 (1956). Although this court does not feel that these authorities are controlling here, they impliedly support a conclusion that the Retirement System is immune from suit for money damages in federal court under the Eleventh Amendment.

### 2. The Equitable Relief Test

■ Plaintiffs contend that even if the Retirement System is immune from suit for money damages it is not immune from suit to set aside the foreclosure sale and establish the plaintiffs' title to the real property which was the subject of the sale. Citing *Aerojet-General Corp., supra,* as authority, plaintiffs urge that granting the relief sought by them in this proceeding would not require the state to take any affirmative action since the Retirement System has the power under New York law to hold title to property and to convey property without approval or action by the state. In *Aerojet-General Corp.* it was held that the Florida State Board of Education was not immune from suit for specific performance of a contract to sell school land because the Board held title to the land and had the power to convey it without requiring the state to take any affirmative action. The court feels that the claim for equitable relief in this case is controlled by the holding in *Aerojet-General Corp.,* and the Retirement System is not immune under the Eleventh Amendment from this claim.

## II. DIVERSITY OF CITIZENSHIP

■■ Because this court has found that the Retirement System is the alter ego of the State of New York in so far as money damages are sought by plaintiffs, the Retirement System is not a citizen of that state for purposes of diversity. *Centraal Stikstof, supra.* For that reason, this court is of the opinion that the Retirement System's motion to dismiss for lack of diversity jurisdiction under 28 U.S.C. § 1332 should also be sustained. However, as to the plaintiffs' suit for equitable relief, this court has determined that the Retirement System is not the alter ego of the state and would thus be a citizen of the State of New York for the purposes of diversity jurisdiction.

## III. INDISPENSABLE, NECESSARY OR PROPER PARTY

However, another issue remains to be decided, and that is whether the Retirement System is an indispensable, necessary, or proper party to the granting of equitable relief in this suit. If not, then it should be dismissed.

■ The Retirement System attached to its motion to dismiss a disclaimer of any interest in the property involved in this suit. Under Texas law

a disclaimer in a trespass to try title suit acts as an estoppel against a later claim of title to the property by the disclaiming party. Rio Bravo Oil Co. v. Hunt Petroleum Corp., 439 S.W.2d 853, 862 (Tex.Civ.App.—Tyler, 1969), rev'd on other grounds, 455 S.W.2d 722 (Tex. 1970). A party who files a disclaimer is no longer an active or necessary party in a suit involving title to property because title could not be vested in that party. Williams v. Neill, 152 S.W. 693 (Tex. Civ.App.—Austin, 1912, no writ.). Thus, if this suit were characterized as a Texas trespass to try title action, i. e., an in rem action to establish title to property, the Retirement System would not be an indispensable or a necessary party to granting the relief prayed for by the plaintiffs.

■■■ The Retirement System was an original party to' the transaction which gave rise to the deed of trust. At the foreclosure sale which was held in accordance with the provisions of the deed of trust, the property was purchased by the Retirement System. Thereafter it directed the trustee who conducted the sale to convey title to the Secretary of HUD. The Texas Supreme Court in Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966), held that an original party to a transaction who later transfers his rights growing out of such transaction to a third party is not a necessary or an indispensable party to a suit seeking cancellation of an instrument which was the basis of the transaction. Therefore the Retirement System would not be a necessary or an indispensable party to this suit even if this court, in order to grant plaintiffs the relief sought, were to find that the original instruments between these parties should be cancelled. The necessary and indispensable party to the equitable relief sought by plaintiffs would be the Secretary of HUD, the current title holder and the other defendant in this case.

The cases cited above relating to parties have dealt with situations where a party has not been joined, and the court had to decide whether the suit could proceed without the joinder of the absent party. A different situation is presented in this case. The Retirement System is a party, and this court, having found that it is not an indispensable or a necessary party, must determine whether the Retirement System is a proper party and should remain in this suit.

The Retirement System no longer has a direct or ascertainable interest in the subject matter of the suit since it is immune from suit for money damages and it does not hold title to the property. Its presence is not necessary for a disposition of the issues developed by the pleadings between the plaintiffs and the Secretary of HUD, the remaining defendant. Balancing the expense and inconvenience to which the Retirement System would be subject with the benefit of its presence to a resolution of the issues as they now exist, this court is of the opinion that the Retirement System is not a proper party to the suit. See, Kuhn v. Yellow Transit Freight Lines, Inc., 12 F.R.D. 252, 255 (E.D.Mo.1952), for a discussion of "proper parties." Therefore, the Retirement System should be dismissed from the suit. This ruling is without prejudice to the right of the plaintiffs to make the Retirement System a party at a later time if, in the opinion of the court, facts have been developed which would make the Retirement System a proper party.

In conclusion, it is ordered that the motion to dismiss is sustained in so far as plaintiffs seek money damages against the Retirement System and overruled in so far as plaintiffs seek equitable relief against the Retirement System. It is further ordered that because the Retirement System is not an indispensable, necessary or proper party to the plaintiffs' suit for equitable relief the Retirement System is dismissed from this case.