

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 7, 1969

Honorable Bill Clayton
Chairman,
House Interim Water Study Committee
House Chamber, Capitol Station
Austin, Texas 78711

Opinion M- 330

Re: Responsibility on the
Houston Ship Channel
for fire, safety, police,
pollution, etc.

Dear Mr. Clayton:

On behalf of the House Interim Water Study Committee, you have requested our opinion as to what agencies of government (city, county or navigation district) have responsibility on the Houston ship channel for fire, safety, police, pollution, etc. You ask whether these responsibilities fall upon the Port Commission, the City of Houston, on Harris County, the Coast Guard, or others connected with the operations there.

A blanket reply cannot be given, because some of the channel is within the corporate limits of Houston and some of the channel is outside those limits.

First discussed is the situation for the part of the channel within the corporate limits of Houston.

The City of Houston is a home-rule city and as such has all of the powers under the Texas Constitution which are not prohibited to it by the United States or Texas Constitutions or laws. Bland v. City of Taylor, 37 S.W.2d 291 (Tex. Civ. App.), affirmed in 123 Tex. 39, 67 S.W.2d 1033 (1934). Police and fire regulations or ordinances are specifically provided for by Art. 1175, Vernon's Civil Statutes, Subdivisions 27-29, inclusive, and Subdivision 19 (as amended by Acts of the 60th Leg., 1967, Chap. 100, page 189). By the

-1622-

express provisions of the general law pertaining to navigation districts, (applicable to the one in Harris County), city powers are not diminished by creation of such a navigation district. Art. 8247, Vernon's Civil Statutes. Also see Articles 1183 through 1187, Vernon's Civil Statutes, which preempt these powers to the City of Houston.

It is our opinion that the general fire and police powers on and near the Houston Ship Channel are vested in the City of Houston and that it can enact such ordinances as would otherwise be in consonance with the Constitution and laws of Texas and of the United States. By Attorney General Opinion M-190, (1968), the navigation district, county, or city could jointly or severally abate water pollution; and the city or the county can abate air pollution.

Within the corporate limits of Houston the city has jurisdiction over matters of fire, safety, police, pollution, etc. Jurisdiction over navigational matters, such as pilotage, wharfage and regulation thereof throughout the entire area of the channel are confided by law to the Harris County-Houston Ship Channel Navigation District. This governmental agency was first created pursuant to general laws relating to formation of a navigation district, and later ratified by special acts of the Texas Legislature. Acts 1927, 40th Leg., 1st C.S., Chapter 97, p. 256; Acts 1957, 55th Leg., R.S., Chap. 117, page 241. The district's powers are strictly governmental. For a discussion of the powers of such district, see Jones v. Texas Gulf Sulphur Company, 397 S.W.2d 304, (Tex.Civ.App. 1965, error ref. n.r.e.).

With regard to that portion of the channel outside the corporate limits of Houston, it becomes necessary to interpret Article 8247b-1, Vernon's Civil Statutes, as it applies to the Harris County-Houston Navigation District. The article purports to give navigation districts broad powers over matters of fire, safety, and police powers. We interpret the language of Section 1 of the article to grant those powers, however, only when the district owns, operates and maintains wharves, docks, piers, sheds, warehouses and other similar terminal facilities not situated within the boundaries of any incorporated city, etc. Another interpretation could relate the restrictive language, i.e., "not situated within the boundaries, etc." to the composition of the district, but we are of the opinion that it properly relates to the situs of the terminal facilities. Under our interpretation, then, if the district does not own or operate terminal facilities at any location it does not have any of the powers conferred by Article 8247b-1.

The city may not exercise any of those powers with respect to any terminal facilities that it might own or operate within corporate limits. The district possesses the power conferred by Article 8247b-1 only to the extent of its ownership of terminal facilities outside the city corporate limits.

The County of Harris' powers extend through the Commissioners' Court only to those powers and duties specifically enumerated by the Constitution and Statutes. 15 Tex.Jur.2d, Counties, Sec. 35, pages 261-63. By statute the county can purchase fire trucks and other fire-fighting equipment. Idem, page 263, note 9, citing Art. 2351a, Art. 2351a-2, Art. 2351a-4; Snellen v. Brazoria County, 224 S.W.2d 305 (Tex.Civ.App. 1949, error ref. n.r.e.). The county only exercises governmental functions and has no proprietary functions. 15 Tex.Jur.2d, Counties, Sec. 80, page 307; Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941). It should be noted that the county powers are more strictly construed than those granted to incorporated municipalities. Tri-City Fresh Water Supply District No. 2 v. Mann, 135 Tex. 280, 142 S.W.2d 945 (1940); Stratton v. Commissioners' Court, 137 S.W. 1170, (Tex.Civ.App. 1911, error ref.). It has no general police powers, but may enforce state laws in general, and as a local government it can abate air or water pollution. Art. 4477-5, V.C.S.; Art. 7621d-1, V.C.S; Attorney General Opinion M-190 (1968).

The Coast Guard regulations may provide for any regulations as to fire, safety, etc. cognizable under federal statutes as an adjunct of the exercise of the commerce powers of Congress under Art. I, Sec. 8 of the U.S. Constitution. One regulation of this type is the prohibition of arc welding within fifty feet of the waters of the ship channel.

## S U M M A R Y

Under a fact situation wherein the Harris County-Houston Ship Channel Navigation District does not own or operate any terminal facilities within the corporate limits of any city, the city has jurisdiction within its limits over matters of fire, safety, and police power even within the limits of the district. The county may enforce within the district all state laws. Either the city or the county may bring

suit under the Clean Air Act of Texas, 1967, or under the Texas Water Quality Act of 1967. The district may bring suit under the latter. The district, pursuant to Art. 8247b-1, V.C.S., has jurisdiction over fire, safety, and police powers to the extent that it owns or operates terminal facilities outside the corporate limits of any city.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Brandon Bickett
Alfred Walker
John Grace
Neil Williams

Hawthorne Phillips
Executive Assistant